Filed Dec. 10, 1890.

126 282
127 533
126 282
141 167
126 282
156 673

No. 14,623.

## SWALES v. JACKSON ET AL.

SPECIFIC PERFORMANCE.—*Parol Contract for Conveyance of Land.—When will be Enforced.*—Where the vendee has taken possession under a parol contract for the conveyance of lands resting upon a valuable consideration, and has made permanent and valuable improvements, specific performance of the contract will be enforced.

SAME.—*Change of Possession.*—Where the vendees were already occupying the land as tenants or as former owners, and continued in possession after the parol contract was made, there is no such taking of possession as will bring the case within the exception of the statute of frauds. To bring a parol contract for the sale of real estate within the exception to

Swales v. Jackson et al.

the statute, there must be an open and visible change of possession under the contract.

From the Ohio Circuit Court.

H. D. McMullen, J. K. Thompson and F. Swales, for appellant.

N. S. Givan, G. M. Roberts and D. H. Stapp, for appellees.

BERKSHIRE, J.—This was a suit in equity to compel the specific performance of a contract resting in parol for the conveyance of real estate.

The appellees were the plaintiffs in the trial court, and the appellant was the defendant. The action originated in the Dearborn Circuit Court (the real estate, the title to which is involved, being in Dearborn county), and was transferred upon change of venue to the Ohio Circuit Court.

The complaint is in four paragraphs, each of which was demurred to, demurrers overruled and exceptions reserved. An answer in two paragraphs was filed, and to the second paragraph a reply was filed.

After the cause was put at issue the same was submitted to the court for trial, and a finding thereafter rendered for the appellees. A motion was filed for a new trial and overruled, and an exception reserved, after which judgment and decree were rendered for the appellees.

The errors assigned call in question the sufficiency of each paragraph of the complaint, and the propriety of the court's ruling in overruling the motion for a new trial.

In view of former decisions of this court we are of the opinion that the first, second and fourth paragraphs of the complaint are sufficient. We find that each of these paragraphs discloses a parol contract for the conveyance by the appellant to the female appellee of the real estate described, within a reasonable time; that the contract rests upon a valuable consideration which the appellees have performed; that they entered into possession of the real estate under the contract, and have made lasting and valuable improvements,

and that it would be inequitable and a fraud upon the appellee Sarah I., to withhold the title from her.

The only doubt which we have had as to the fourth paragraph has been as to the sufficiency of the averments with reference to the taking of possession under the contract. It does not appear very satisfactorily from the averments in this paragraph that the appellees entered upon the land therein described under the contract, but we have concluded that the averments are sufficient as against a demurrer. The same may be said of that part of the first paragraph relating to the thirty-two-acre tract of land. We cite the following cases in support of our conclusion: *McFerran* v. *McFerran,* 69 Ind. 29; *Haddon* v. *Haddon,* 42 Ind. 378; *Pearson* v. *East,* 36 Ind. 27; *Cutsinger* v. *Ballard,* 115 Ind. 93; *Freeman* v. *Freeman,* 43 N. Y. 34; *Lobdell* v. *Lobdell,* 36 N. Y. 327; *Purcell* v. *Miner,* 4 Wall. 513; *Williams* v. *Morris,* 95 U. S. 444; *Burns* v. *Fox,* 113 Ind. 205; *Langston* v. *Bates,* 84 Ill. 524.

The last cited case, in its facts, resembles very much the case under consideration as made by the averments in the first, second and fourth paragraphs of the complaint, and fully meets the contention of the appellant that a parol agreement between parent and child that if the latter will enter upon certain designated real estate and improve it, the former will execute to the latter a conveyance, and the child takes possession and makes lasting improvements, can not be specifically enforced, for the reason that the contract does not rest upon a sufficient consideration. *Kurtz* v. *Hibner,* 55 Ill. 514 (8 Am. Rep. 665); *Hardesty* v. *Richardson,* 44 Md. 617 (22 Am. Rep. 57); *Story* v. *Black,* 5 Mont. 26 (51 Am. Rep. 37); *Burkholder* v. *Ludlam,* 30 Gratt. 255 (32 Am. Rep. 668); *Marling* v. *Marling,* 9 W. Va. 79 (27 Am. Rep. 535), are to the same effect.

In *Johnson* v. *Pontious,* 118 Ind. 270, it was said by this court that "A parol contract for the sale of real estate, the specific performance of which a court of equity will enforce,

must be one that is complete and definite, and must be just and fair in all of its provisions." See *Welch* v. *Whelpley*, 62 Mich. 15 (4 Am. St. Rep. 810).

We think the contracts alleged in the said first, second and fourth paragraphs of the complaint come up to these requirements.

We are inclined to the opinion that the third paragraph of the complaint is not sufficient, in that it does not aver that the appellees entered into possession of the real estate therein described under the contract.

If they were already occupying the land, whether as tenants or as former owners, and simply continued in possession after the parol contract was made, there was no such taking of possession under the contract as will take the case without the statute of frauds.

To bring a parol contract for the sale of real estate within the exception to the statute, which requires all such contracts to be in writing, there must be an open and visible change of possession under the contract.

If the vendee be in possession at the time of the contract, whether as tenant or otherwise, and continues to occupy, the case is not one falling within the exception.

In the case of *Johnson* v. *Pontious*, *supra*, it is said : " The evidence fails to show that the appellee went into possession under the contract. The evidence is, ' I went into possession because they agreed to sell it to me.' Because some one had agreed to sell him the land, the appellee, of his own accord, took possession of it." See *Judy* v. *Gilbert*, 77 Ind. 96.

It was long ago held by this court that the payment of the purchase-money is not such part performance of a parol contract for the sale of land as will avoid the statute of frauds ; nor is the remaining in possession by a tenant such part performance, nor the taking of possession without the vendor's consent. *Johnston* v. *Glancy*, 4 Blackf. 94. See *Rucker* v. *Steelman*, 73 Ind. 396 ; *Arnold* v. *Stephenson*, 79 Ind. 126 ; *Brawdy* v. *Brawdy*, 7 Pa. St. 157.

In *Christy* v. *Barnhart*, 14 Pa. St. 260, it is said : "It is not to be disputed, at this time of day, that to withdraw a parol sale of lands from the blighting effects of the statute of frauds, there must be an open and absolute possession taken in pursuance of the contract, with a view to the performance of it. It is consequently a settled rule that a parol sale to a tenant in possession is within the statute, though his possession be afterwards continued, because there is no change of possession in execution of the contract." See note to this case, 53 Am. Dec. 541. *Wentworth* v. *Wentworth*, 2 Minn. 277 (72 Am. Dec. 97) ; *Workman* v. *Guthrie*, 29 Pa. St. 495 (72 Am. Dec. 654); *Poland* v. *O'Connor*, 1 Neb. 50 (93 Am. Dec. 327); *Gangwer* v. *Fry*, 17 Pa. St. 491 (55 Am. Dec. 578).

The third paragraph of complaint does not aver that possession was taken of the real estate under, or pursuant to, the contract.

The first and second paragraphs disclose this important fact.

In the fourth paragraph it is alleged that the appellant put the appellees in possession of the real estate, and this allegation so connects itself with the allegations as to the contract as to be referable thereto.

It does not appear in the third paragraph that the appellant placed the appellees in possession of the land, nor is it shown, except by inference, that the appellees were to take possession as one of the conditions of the contract. As is said in *Wentworth* v. *Wentworth, supra :* "The silence of the complaint as to the purpose with which the possession was continued seems to destroy all reason for supposing that it was done in performance of the agreement. If such had been the case in fact, the pleader would not have omitted to have so alleged it, as it was the vital fact to the support of his cause of action." In that case as in this it was alleged that the plaintiff continued to occupy, improve and cultivate the land. In view of the character of the allegation as to the possession, it is at least not unfair to conclude that it does not

affirmatively appear that possession was taken pursuant to the contract or under it.

We come lastly to the motion for a new trial. We do not think the court erred in sustaining the objection to the offered evidence and in refusing to allow the witness to answer the question propounded to him. If for no other reason, because the witness had already testified to the identical facts, and it could have added no force to his statement had he repeated it, and the offer of counsel was simply an offer to unnecessarily encumber the record. Had the testimony not been before the court, and a proper impeaching question put, after laying a proper foundation, we would have a different question for consideration.

The only other question left for our consideration is the sufficiency of the evidence to support the court's finding.

Notwithstanding the firmly fixed rule of this court that where there is any evidence upon which to rest the finding of the court, it will not be disturbed because of the weakness of the evidence, we are compelled to hold that the evidence, as we find it in the record, is not sufficient to uphold the court's finding.

Had the court limited its finding for the appellees to the forty-acre tract of land, and found for the appellant as to the thirty-two-acre tract, we would not have been inclined to disturb the finding and judgment following it, notwithstanding the rule which requires clear, definite and unequivocal proof to take a parol contract for the sale of real estate without the statute of frauds, and notwithstanding the infirmity of the third paragraph of the complaint. But as it appears in the record that, at most, the appellees were only entitled upon the evidence to have specific performance as to a part of the real estate, and not as to all of it, the finding is not sustained by sufficient evidence. *Caspar* v. *Jamison,* 120 Ind. 58.

The burden of proof was upon the appellees to show every material fact, by a preponderance of evidence, necessary to

entitle them to a specific performance of the contracts alleged.

There were two contracts declared upon; one made in 1870 for the forty-acre tract of land, and one made in 1874 for the thirty-two-acre tract. The one was in no way dependent on the other.

The evidence shows, and as to this there is no conflict, that at the time the contract is alleged to have been made for the conveyance of the thirty-two-acre tract, the appellee Edward Jackson was the owner thereof, and that he was in possession of the same, and that on the 1st day of August, 1874, he and his wife (the appellee Sarah I.) conveyed the title by warranty deed to the appellant.

Edward Jackson (appellee) testified as follows:

" The thirty-two-acre tract was in good repair when I sold it to defendant. I put a fish pond on it. I farmed it before I sold it to him, and kept right on farming it."

The witness further states that the parol agreement was made a day or two before he delivered the deed for the land to the appellant.

The evidence given by the appellant is to the effect that there was no change of possession.

As it affirmatively appears that there was no change of possession, there was no such part performance as carried the case without the statute of frauds.

In *Wentworth* v. *Wentworth, supra,* it appeared that the plaintiff had settled upon government lands, and had improved an eighty-acre tract to the value of $700, and was in possession of it on the 18th day of November, 1852, at which time he allowed his brother to enter it at the land office in his own name, under a parol agreement that he would convey it to him when he paid the purchase-price. The court holds that the arrangement did not create a trust, but that it was a mere parol agreement to convey land, and was within the statute of frauds, and could not be enforced because there had been no part performance, and in this connection the

court says : " It is hard to see how the mere continuance in the possession of land can be attributed to the making of the contract, and as in performance of it ; and it is quite easy to see that it was the result of the original entry and possession."

In *Poland* v. *O'Connor, supra,* after referring to the testimony tending to establish possession by the vendee under the contract, the court says : " This is far short, however, of that improvement, that open, visible, and unequivocal possession under the contract necessary to take the case out of the statute," citing Fry Specific Performance of Contracts, section 403, p. 237.

In *Cutsinger* v. *Ballard, supra,* this court said : " Courts of equity have adopted the foregoing as the rule of evidence in cases for specific performance of oral contracts, and if at the end the evidence leaves it a matter of conjecture whether there was a contract, or if its terms are left uncertain, or if the *possession* or *acts* of *part performance* are not *clearly referable to the contract,* a decree for specific performance ought to be withheld."

In *Green* v. *Groves,* 109 Ind. 519, it is said : " It is averred in the complaint, as will be observed, that at the time the contract was made between Groves and the appellant, and ever since, until the institution of this suit, she was, and had been, in possession of the lots. It thus appears that the possession was not given or taken, in pursuance or by reason of the contract. The possession, therefore, was not a part performance of the contract, so as to take it without the statute of frauds, because it preceded the contract."

For the errors indicated the judgment must be. reversed.

Judgment reversed, with costs.

Filed Dec. 11, 1890.