No. 17,326.

## WAYMIRE ET AL. *v.* WAYMIRE.

SPECIFIC PERFORMANCE.—*Real Estate.—Parol Contract.—Complaint.—Possession.*—A paragraph of complaint in an action for specific performance of a parol contract for the conveyance of real estate is insufficient, which does not allege that possession was taken under and pursuant to the contract of purchase.

SAME.—*Of Parol Contract to Convey Land.—Sufficiency of Complaint.—Possession.*—In such action, averments that plaintiff "went into possession of the same," and "that he immediately moved upon and cleared up, put buildings upon, and other valuable and lasting improvements upon, said land," and "has remained in possession of said real estate, under said purchase ever since" the date thereof, are not] sufficient to show that plaintiff took possession under and pursuant to the terms of the contract, or that such possession was delivered to him, òr that he was placed in possession under or pursuant to the terms of such verbal contract.

SAME.—*Remaining in Possession Under Terms of Contract.—Statute of Frauds.*—A mere remaining in possession under the terms of a parol contract purchase of land is not sufficient to take the contract out of the statute of frauds.

SAME.—*Necessary Requisites to Enforcement.*—Before courts of equity will decree specific performance of a contract, it must be made to appear that it is certain, is fair in all its parts, is for an adequate consideration, and is capable of being performed.

SAME.—*Evidence.—Irrelevancy.—Prejudicial Error.*—In such case, evidence that defendant had beem plaintiff's legal guardian, and that he had never paid over or accounted for about $300 of the ward's estate, was incompetent, there being no allegation in the complaint that such fund was to form any part of the consideration for the conveyance of the land in controversy.

From the Madison Circuit Court.

*E. B. Goodykoonts, G. M. Ballard* and *H. D. Thompson,* for appellants.

*F. S. Ellison,* for appellee.

McCABE, C. J.—The appellee sued the appellants to enforce specific performance.

The complaint was in three paragraphs, a demurrer to each of which for want of sufficient facts was overruled.

The issues formed thereon were tried by a jury, resulting in a verdict for the plaintiff, upon which he had judgment over appellants' motion for a new trial. The first paragraph of the complaint is as follows: "The plaintiff complains of the defendants and says that heretofore, to wit, in 1878, this plaintiff purchased of John S. Waymire the southwest quarter of the northwest quarter of section 25, township 22 north, in range 6 east, in Madison county, Indiana, and went into immediate possession of the same and has made permanent and lasting improvements upon the same and paid the full consideration for said real estate and the full purchase-price therefor and has remained in possession of said real estate under said purchase ever since 1878, and is still in possession of the same under said purchase and under no other or different agreement whatever; that he now is entitled to a deed of conveyance from said John S. Waymire and has been ever since 1878; that he has made frequent demands on said Waymire for said deed of conveyance, and said Waymire has refused, neglected and failed to make said deed and still refuses so to do; that on the 9th day of December, 1892, John S. Waymire, for the purpose of evading the fulfillment of said agreement to convey said real estate to this plaintiff, pretended to convey the same to Emma J. Huston, well knowing that he had no legal right so to do, and the said Emma J. Huston knew at the time the deed was so made that said David Waymire was in possession of said real estate and was claiming it as his own, and took said deed subject to the right of the plaintiff. Wherefore the plaintiff asks that John S. Waymire be compelled to make to this plaintiff a good and sufficient warranty deed, free from any claim or lien of said Emma J. Huston or any one else, or appoint a commissioner to make said deed."

The second paragraph only differs from the first in

that instead of alleging he had "paid the full consideration for said real estate, and the full purchase-price therefor," it alleges that he had "paid for the same at the time with certain houses and lots in the town, now city of Elwood, Indiana," and in that instead of alleging that he "went into immediate possession of the same, and has made permanent and lasting improvements, *   *   and has remained in possession of said real estate under said purchase ever since 1878," it alleges that he "went into possession of said real estate under said purchase, to wit, in 1878, and has remained in possession ever since;" and the third only differs from the first in that it alleges that "John S. Waymire being the father of said David Waymire, and being indebted to him, agreed with David Waymire that if said David Waymire would move onto, improve and put lasting and valuable improvements on" the same land, and that "David Waymire says that he immediately moved upon *   *   * said land" instead of the consideration as alleged in the first paragraph.

The complaint being founded on a contract, and there being no allegation that it was in writing, the presumption is that it was in parol. *Langford* v. *Freeman,* 60 Ind. 46; *Goodrich, Admr.,* v. *Johnson,* 66 Ind. 258; *Carlisle* v. *Brennan,* 67 Ind. 12.

The first and third paragraphs of the complaint are insufficient for one reason if not for more, and that is it is not alleged in either that the possession was taken under or pursuant to the contract of purchase. The contract being by parol, and for the purchase of real estate, it is clearly within the statute of frauds. In order to take it out of the statute it must be alleged that the possession was taken under the contract. It is not enough that possession was taken, it must be taken under the verbal contract, and pursuant to its provisions. *Judy* v.

*Gilbert*, 77 Ind. 96; *Moore* v. *Higbee*, 45 Ind. 487; *Swales* v. *Jackson*, 126 Ind. 282.

The averment on that point in the first paragraph is, "and went into possession of the same;" and in the third paragraph is, "that he immediately moved upon and cleared up, put buildings upon, and other valuable and lasting improvements upon said land." These averments fall very far short of alleging that appellant took possession of the land under or pursuant to the terms of the contract, or that such possession was delivered to him, or that he was placed in possession under or pursuant to the terms of such verbal contract. It is true, further on in the first paragraph it is averred that he "has remained in possession of said real estate under said purchase ever since 1878." But a mere remaining in possession under the terms of a parol contract of purchase of land is not sufficient to take the contract out of the statute of frauds. The possession must be taken or delivered under and pursuant to the terms of the verbal contract of purchase to take the case out of the operation of the statute of frauds.

Had the language been that "he went into immediate possession and has remained in possession of said real estate under said purchase ever since 1878, and has made permanent and lasting improvements upon the same," a very different question would have been presented. But in that part alleging that he went into possession there is no allegation that it was under and pursuant to the terms of the contract; then, after making several other allegations, he alleges that he has remained in possession under said purchase ever since, etc. As it alleges that the contract was made before possession was taken, the question is not involved whether under a verbal contract of purchase of real estate by one already in possession, who makes last-

ing improvements on the faith of such contract, the same can be enforced.

The second paragraph is some better than the others in its averments as to taking possession. Such averments are: "and went into possession of said real estate under said purchase, to wit, in 1878." But it is defective in other respects.

When application is made for the specific performance of a contract for the sale of land, the court should be satisfied that the claim is reasonable and just, and the contract equal in all its parts, and founded on an adequate consideration. *Modisett* v. *Johnson*, 2 Blackf. 431; *Ash* v. *Daggy*, 6 Ind. 259; *Kirkman* v. *Kenyon*, 17 Ind. 607.

"Generally, it may be stated, that courts of equity will decree a specific performance when the contract is certain, is fair in all its parts, is for an adequate consideration, and is capable of being performed, but not otherwise." *Ash* v. *Daggy, supra; Kirkman* v. *Kenyon, supra;* 2 Story Eq. Jurisp. 53; *Luzader* v. *Richmond*, 128 Ind. 344.

The allegation in the second paragraph as to consideration is: "And paid for the same at the time with certain houses and lots in the town, now city, of Elwood, Indiana, which was a valuable and good consideration."

How he could pay for the land with certain houses and lots without some contract or agreement between him and his vendor, either at the time the contract was made or by a subsequent agreement to modify it so as to allow him to make payment in that way, is difficult to understand. That part of the contract is left to conjecture and doubt, or rather the contract as stated in the pleading is uncertain and indefinite as to its terms. How did he pay for the land with certain houses and lots? Was it by conveying them to his vendor by deed or did he do it by executing a title bond agreeing to convey them to

appellant when appellant conveyed the land in contro- versy to him, or was it by notes secured by mortgage ex- ecuted by him on said houses and lots?

We can not, on a demurrer to such a pleading setting up such a contract and asking specific performance there- of, presume that there were other or different terms to the contract than those stated in the pleading. That being true, the terms of the contract have been left by the parties thereto so indefinite as to bring it within the rule above stated denying the remedy of specific performance in such cases.

We therefore conclude that neither of the three para- graphs of the complaint stated facts sufficient to consti- tute a cause of action.

One of the reasons assigned therefor in the appellants' motion for a new trial, was the admission of evidence that appellant John S. Waymire had been the legal guardian of his son, the appellee, and there had come into his hands, as such guardian, about $500, and that he had never paid over or accounted for about $300 thereof. This evidence was admitted over proper objec- tion to its competency and admissibility, seasonably made by the appellant.

There was no charge in either paragraph of the com- plaint that such fund was to form any part of the con- sideration for the conveyance of the land in controversy; nor was there any evidence to that effect nor was there any offer to introduce such evidence. It was therefore wholly incompetent and under the peculiar circum- stances of the case, more than likely had a prejudicial influence against the appellant, on the jury. The other errors complained of in the motion for a new trial are such as are not likely to occur on another trial, hence, we do not consider them.

The judgment is reversed and the cause remanded

with instructions to sustain the demurrer to each paragraph of the complaint.

Filed April 23, 1895.