Riley *v.* Haworth.

---

## Riley *v.* Haworth et al.

[No. 3,936. Filed October 16, 1902. Rehearing denied January 28, 1903.]

Statute of Frauds.—*Purchase of Lands.—Oral Contract.—Part Payment.*—The payment of a part of the purchase money is not such a part performance as will take a parol contract to purchase lands out of the statute of frauds. *p. 381.*

Same.—*Sale of Lands.—Oral Contract.—Part Payment.*—Plaintiff and defendant entered into a parol agreement whereby plaintiff was to sell his farm to a third party and with the proceeds and an additional sum of $50, purchase a farm of defendant. Pursuant to the agreement plaintiff sold his farm, made payment of the $50, took possession by asserting ownership in the presence of defendant who it was agreed should have the growing wheat and occupy the dwelling-house until the wheat was harvested. *Held,* that there was not such a part performance as to take the contract out of the statute of frauds. *pp. 378–384.*

From Clinton Circuit Court; *J. V. Kent,* Judge.

Action by W. Grant Riley against Warner A. Haworth, a person of unsound mind, and his guardian. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*P. H. Dutch, Joseph Claybaugh* and *N. P. Claybaugh,* for appellant.

*S. M. Ralston,* for appellees.

ROBINSON, J.—Action for damages for alleged breach of a contract to convey land. Complaint in three paragraphs to which demurrers were sustained.

The first paragraph avers that on the 9th day of May, 1900, and prior thereto, appellant, a farmer, was engaged in breeding and raising hogs and cattle, and had expended large sums of money in the purchase of the best stock; that he had purchased a farm, convenient to his home farm upon which he resided, that was peculiarly adapted to the breeding and raising of such stock; that he had prepared the farm with suitable buildings and fences, and on that date had on the farm a large amount of stock; that this stock-farm was the only land he owned suitable for raising stock; that appellee owned and was in possession of certain land, particularly described, suited to raising stock, which land, aside from that of the appellant, was the only land suited to that purpose accessible to appellant's residence, which appellee knew; that appellant desired to purchase appellee's land, but to procure the money it would be necessary for appellant to sell his stock-farm, of which fact he informed appellee; that appellee knew appellant was unable financially to purchase appellee's farm unless he could sell his own stock-farm; that "At the said time Haworth, with the full knowledge of all the conditions of the plaintiff, and plaintiff's property, and plaintiff's financial ability and business, as hereinbefore alleged, solicited and requested plaintiff to sell his said farm, hereinbefore mentioned, and, to induce plaintiff to sell his said farm, promised and agreed with plaintiff that in consideration that he would

sell said farm, herein mentioned, that said Haworth would sell and convey to plaintiff the said land belonging to said Haworth, hereinbefore described, for the sum of $5,135,—$50 cash on said day, and the balance of said purchase price by the 1st day of May, 1900, upon the further promise and conditions hereinafter alleged; that at the instance and request of Haworth this plaintiff, relying upon the said promise of the said Haworth that he would sell and convey by deed to plaintiff his said farm, hereinbefore described, did, at the instance and request of said Haworth, enter into the following agreement with Haworth, which stipulated and provided that this plaintiff should sell and convey his said farm, first herein described, which he had purchased and fitted up as herein alleged, and pay the said Haworth the purchase price therefor; that in consideration that said plaintiff would sell and convey his said farm, first herein described, and pay to said Haworth the money realized therefor, that said Haworth would sell and convey his said farm, hereinbefore described, to plaintiff, upon the following terms and conditions, to wit: That plaintiff pay said Haworth for his said farm $5,135,—$50 cash in hand,—the purchase price of plaintiff's said farm, and the balance of said purchase price,—in all $5,135,—by the 1st day of May, 1900;" Haworth to have the growing wheat on his farm, and use the garden and dwelling-house until the wheat was harvested, and the right to pasture stock on the farm until the same should be disposed of; Haworth to convey his farm by deed to appellant in a few days; appellant to assume a contract with an employe on the farm, and to have immediate possession of all the farm except the portions above reserved, the right to turn his stock upon the farm, and enter thereon to seed the same, except the portions reserved, "all of which terms and conditions were agreed to by and between plaintiff and Haworth."

It is further averred that appellant relied upon such agreement and promises, and, at Haworth's request, sold his

stock-farm, and while standing upon Haworth's farm on April 10, 1900, paid to him the $50 as agreed, at which time Haworth delivered the possession to appellant, except the reservations; that appellant then took possession by asserting his ownership in the presence of Haworth, "who fully confirmed, ratified, approved, and consented to the transfer," except the reservations; that appellant immediately commenced preparations to seed the same and to remove his stock thereto; that, in pursuance with his agreement, appellant sold his stock-farm, and conveyed the same by warranty deed, "with the purpose of raising money to pay said Haworth for his said farm;" that after the payment of the $50, and after Haworth had delivered his farm to appellant according to the agreement, Haworth "wholly ignored and repudiated his said agreement to convey his said farm by deed or otherwise to this plaintiff, though requested so to do by plaintiff," and has foribdden appellant to enter upon the land or to move his stock thereto, has repudiated the sale and his agreement, and refused to carry out the same; that appellant unsuccessfully tendered the balance of the purchase money within the time stipulated, demanded a deed, which was refused, and is ready and willing to comply with the terms of the agreement in all respects; that before suit, appellant demanded a deed; that appellant has been compelled to dispose of part of his stock at a great sacrifice, by reason of having sold his stock-farm, and by reason of appellee's refusal to permit appellant to place his stock upon the land appellee sold and agreed to convey; that, by reason of appellee's wrongful conduct in repudiating his contract, appellant has no suitable place to carry on his business of stock raising, and has been and will be unable to continue such business, and appellee has failed and refused to refund the $50, and failed to reimburse appellant for certain designated losses he has sustained through the wrongful conduct of appellee in procuring appellant to sell his land, and refusing to convey his farm to

appellant.    The prayer of the complaint is a judgment for the sum of $50, money had and received, and $2,000 damages.

The three paragraphs of complaint are substantially the same, and considering them, as we must, upon the theory upon which they were manifestly drawn, they present the same question.    Appellant's right to recover back the purchase money paid is not presented, as it is quite clear that this is not the theory of the pleading.    The question presented by the demurrer is the sufficiency of the complaint to recover damages for the breach of an oral contract to convey land.

A parol contract to convey land is not void, but voidable. The statute simply provides that no action shall be brought upon it.    *Lowman* v. *Sheets,* 124 Ind. 416, 7 L. R. A. 784; *Day* v. *Wilson,* 83 Ind. 463, 43 Am. Rep. 76; *Schierman* v. *Beckett,* 88 Ind. 52.    The statute provides: "No action shall be brought in any of the following cases:    *    *    * Fourth, upon any contract for the sale of lands,    *    *    * unless the promise, contract or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized; excepting, however, leases not exceeding the term of three years."    §6629 Burns 1901.

It is argued that the pleading shows such part performance of the contract by appellant as that the case presented is not within the statute.

The payment of a part or all of the purchase money is not such part performance as will take a parol contract for the sale of land out of the statute.    *Johnson* v. *Glancy,* 4 Blackf. 94, 28 Am. Dec. 45; *Swales* v. *Jackson,* 126 Ind. 282; *Suman* v. *Springate,* 67 Ind. 115; *Carlisle* v. *Brennan,* 67 Ind. 12; *Railsback* v. *Walke,* 81 Ind. 409; *Johns* v. *Johns,* 67 Ind. 440; *Wallace* v. *Long,* 105 Ind. 522, 55 Am. Rep. 222; *Felton* v. *Smith,* 84 Ind. 485.

Riley *v.* Haworth.

It is said that the important acts which constitute part performance are actual, open possession of the land, or permanent and valuable improvements made on the land, or these two combined.    Pomeroy, Eq. Jurisp. (2d ed.), §1409, note.    But in order that possession may remove the case from the effects of the statute there must be an open and absolute possession taken under the contract, and with a view to its performance.    The possession must be yielded by one party, and accepted by the other, as done in performance of the contract.    If possession precedes the contract, or if the contract be with a tenant already in possession, and who continues in possession afterwards, the contract is within the statute, as in neither case was there a change of possession in execution of the contract.    *Swales* v. *Jackson, supra; Christy* v. *Barnhart,* 14 Pa. St. 260, 53 Am. Dec. 538; *Wentworth* v. *Wentworth,* 2 Minn. 277, 72 Am. Dec. 97; *Workman* v. *Guthrie,* 29 Pa. St. 495, 72 Am. Dec. 654; *Poland* v. *O'Connor,* 1 Neb. 50, 93 Am. Dec. 327; *Gangwer* v. *Fry,* 17 Pa. St. 491, 55 Am. Dec. 578; *Green* v. *Groves,* 109 Ind. 519; *Johns* v. *Johns, supra; Railsback* v. *Walke, supra; Pearson* v. *East,* 36 Ind. 27; *Waymire* v. *Waymire,* 141 Ind. 164.

It has been held that possession by a lessee, under a parol lease, of part of the premises, and payment of rent for such portion, is not such part performance as arrests the operation of the statute so as to give the lessee a right to the balance of the premises.    *Cochran* v. *Ward,* 5 Ind. App. 89, 51 Am. St. 229.

The reasoning and the conclusion reached in the case of *Eastburn* v. *Wheeler,* 23 Ind. 305, would be applicable in the case at bar.    But the doctrine of that case was expressly overruled in *Sands* v. *Thompson,* 43 Ind. 18.    In the case last cited a third party,—Moffitt,—owned certain land, worth $2,700, which appellants desired to purchase for slaughter-house purposes, and, fearing they would be unable to purchase it for such purpose, they entered into an agree-

ment with Thompson, who owned land of the same value as
the Moffitt land, whereby he should exchange his property
for the Moffitt property, and they would pay him $2,700
for the conveyance of his property to Moffitt.   In pursu-
ance of this agreement, Thompson exchanged property with
Moffitt, tendered a deed to appellants, and demanded of
them the price agreed on.   They declined to accept the deed
or pay the agreed sum.   It was held that the exchange by
Thompson of his land for the land of Moffitt was not a part
performance of the contract between Thompson and appel-
lants, so as to take the case out of the statute.

In *Parker* v. *Heaton,* 55 Ind. 1, Parker desired certain
property owned by Heaton, which Heaton agreed to sell to
him at a price named, on certain terms, by a certain day.
Parker owned certain property, worth $2,500, which he told
Heaton he would have to sell at the reduced price of $1,400
in order to buy Heaton's property.   Heaton told Parker
to sell his property at the reduced price, and he would con-
vey his property to Parker for $4,000, at the time and upon
the terms named.   Parker sold his property at the reduced
price, but Heaton refused to sell and convey his property.
In that case the court said: "It is insisted by appellant's
attorneys, that appellant's sale of his Thorntown property,
at said reduced price, was such a part performance of the
contract between the parties to this action, as would take
the case out of the statute of frauds.   But this position is
wholly untenable.   Appellant's sale of his Thorntown prop-
erty was not a part of the contract between appellant and
appellee.   Appellee did not agree to buy the Thorntown
property, and appellant did not agree that the proceeds of
the sale of that property should be paid over to appellee.
No doubt the Thorntown property was spoken of between
the parties, in coming to their agreement about the appel-
lee's property.   But it can not be said, with any legal ac-
curacy, that appellant's sale of his Thorntown property was

a part performance of his alleged contract for the purchase of appellee's property."

The case last cited seems to be controlling in the case at bar. It does not appear that appellant sold his property at less than its value. It is true it is averred that the parties contracted with reference to the proceeds to be derived from the sale of appellant's property, but, under the authorities above cited, even if these proceeds had been paid to appellee, and had constituted the purchase price of appellee's property, such payment would not have been such part performance as would take the case out of the statute. See *Green* v. *Groves,* 109 Ind. 519; *Bradley* v. *Harter,* 156 Ind. 499.

Judgment affirmed.