### DONNELLY *v.* FLETEMEYER.

[No. 14,140. Filed July 1, 1931. Rehearing denied January 15, 1932. Transfer denied April 28, 1932.]

338

*Moses Leopold, William J. Reed* and *Hanley & Hanley,* for appellant.

*Halleck & Halleck,* for appellee.

BRIDWELL, P. J.—Appellee, Edna Fletemeyer, brought this action against the appellant, Margaret Donnelly, and certain other persons who were made defendants to her complaint, but whose rights are not affected by the judgment entered in the court below, to enforce the specific performance of a parol contract to devise certain real estate to her, alleged to have been made by and between appellee and her father, Alfred Donnelly, in his lifetime.

The complaint alleged, in substance, that the appellant is the widow of Alfred Donnelly, deceased, and the executrix of his estate; that the plaintiff and the defendants (other than the widow) are the sole and only children of the decedent; that the said Alfred Donnelly died testate while a resident of Jasper County, Indiana, on May 31, 1929; that, in the year 1920, the said Alfred Donnelly was the owner in fee simple of the west one-half of the northeast quarter and the north 13 and one-third acres of the west one-half of the southeast quarter, all in section 18, township 29 north, range 6 west, in said county and state, and of other lands; that he entered into an oral agreement with appellee, for and in consideration of services already performed and to be performed by appellee for said decedent, to will and devise to her forty acres of land described as follows:

The north 13 and one-third acres of the west half of the southeast quarter, and the south 26 and two-thirds acres of the west half of the northeast quarter, all in section 18, township 29 north, range 6 west, in Jasper County, Indiana; that, in compliance with said oral agreement, appellee took possession of said real estate, erected a dwelling house and outbuildings thereon, made other lasting and valuable improvements thereon, and occupied the same, all of which was done with the knowledge and approval of said decedent, Alfred Donnelly; that appellee has fully performed all of the conditions of said contract on her part to be performed; that said decedent by his will devised to appellee 13 and one-third acres of the land he had agreed and contracted to devise to her and devised to appellant the remaining 26 and two-thirds acres of said land. The prayer of the complaint was that appellee be adjudged the owner of the 26 and two-thirds acres devised by the will to appellant and that a commissioner be appointed to convey to her (appellee) the record title to such real estate.

The issues were closed by an answer of general denial to the complaint. Upon the trial of the cause, the court, by request, made a special finding of facts. Conclusions of law upon said finding were stated as follows: (1) That the law is with the plaintiff; (2) that the plaintiff is entitled to specific performance of the oral contract, and that she is the equitable owner of the south 26 and two-thirds acres of the west one-half of the northeast quarter of section 18 in township 29 north, range 6 west, in Jasper County, Indiana; (3) that the defendant, Margaret Donnelly, took no estate in the south 26 and two-thirds acres of the west one-half of the northeast quarter of section 18 in township 29 north, range 6 west, in Jasper County, Indiana, under the will of Alfred Donnelly, deceased, except the naked legal

title, subject to the right of the plaintiff in equity to said property; (4) that the plaintiff should have judgment, assuring her title to said real estate, and that a commissioner should be appointed by the court to convey said real estate to the plaintiff. Appellant duly excepted to each conclusion of law and thereafter filed a motion for a new trial on the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law. This motion was overruled and appellant excepted. Judgment in favor of appellee was then rendered and appellant filed her motion to modify the judgment, which motion was overruled, and this appeal taken, the errors assigned being that the court erred in overruling appellant's motion for a new trial, in overruling appellant's motion to modify the judgment and erred in each of its conclusions of law.

The finding of facts made by the court discloses the essential facts necessary to be considered in determining this cause to be as follows: That Alfred Donnelly, the decedent, "on or about the year 1920," proposed to his daughter (appellee herein) that if she and her husband would dispose of their home in the city of Indianapolis, and, if her husband would relinquish his employment there, and if the family would move to Jasper County, Indiana, and build a home and make improvements on the south 40 acres of the home place of said decedent, that he, decedent, would will to appellee said 40 acres and that it would be hers at the time of his death; that said proposal was accepted by appellee; that, in compliance with the contract, and relying thereon, she and her husband sold and disposed of their home in Indianapolis, moved to said Jasper County and erected and constructed on said south 40 acres permanent and lasting improvements consisting of a four-room dwelling house, a summer kitchen, barn, corn crib and other permanent improvements; that they drilled a well and

set out an orchard of growing fruit trees and that such improvements are of the value of $2,500; that, during the time said improvements were being made, the decedent and appellant lived on the home place, within 170 rods of the location of such improvements, knew of the making and construction of same, and that said improvements were made with the knowledge and approval of decedent, Alfred Donnelly; that, since the erection of said dwelling house, appellee, her husband, and their minor children, have continuously resided therein; that all of said improvements were made on the south 10 acres of the north 13 and one-third acres of the west half of the southeast quarter of section 18, in township 29 north, range 6 west in Jasper County, Indiana, and were constructed during the years 1921 or 1922, and, in the year of 1923, appellee and her husband built a fence along the north side of said 10 acres of land, enclosing the same and separating it from the lands occupied by the decedent, Alfred Donnelly, and his wife Margaret (the appellant) ; *that appellee has never been in possession of more than said 10 acres,* and no rents were charged to her for the same; that Alfred Donnelly, from the time he became the owner of the real estate in controversy until his death on May 31, 1929, was in possession of all the lands mentioned and described in appellee's complaint other than said 10 acres and "managed the same and exercised dominion thereover"; that appellee has fully performed all the conditions of the contract on her part to be performed; that Alfred Donnelly made a will that was probated on June 14, 1929 in the Jasper Circuit Court, and that no action has been filed or is pending to contest such will, and that no election has been made by the widow, Margaret Donnelly (appellant), to take under the law instead of under the will; that, by said will, the decedent devised to appellee the north 13 and one-third acres of the west half of the

southeast quarter of section 18, township 29 north, range 6 west, and to the appellant the 26 and two-thirds acres which would constitute the remaining portion of the 40 acres covered by the parol agreement between appellee and the decedent, Alfred Donnelly; that, prior to the filing of this action, appellee demanded of appellant that she fulfill the contract made between decedent and appellee and convey the 26 and two-thirds acres in controversy to appellee, which appellant refused to do. Other facts (some of which are not within the issues) are found by the court but we deem the facts hereinbefore set out to be of controlling importance in determining the legal rights of the parties.

The contract relied upon by appellee was an oral contract for the conveyance of real estate, and was, therefore, within the inhibition of the statute of frauds, and the specific enforcement of such a contract cannot be had in the absence of possession taken by the purchaser, under and pursuant to the contract, even though there has been complete compliance with the terms of the contract on the part of the person to whom the land was to be conveyed. *Baxter* v. *Baxter* (1910), 46 Ind. App. 514, 92 N. E. 881, 1039; *Schoonover, Exer.,* v. *Vachon* (1889), 121 Ind. 3, 22 N. E. 777; *Riley* v. *Haworth* (1902), 30 Ind. App. 377, 64 N. E. 928; *Neal v. Neal* (1880), 69 Ind. 419; *Lowe* v. *Turpie* (1897), 147 Ind. 652, 44 N. E. 25, 47 N. E. 150, 37 L. R. A. 233; *Wallace* v. *Long* (1886), 105 Ind. 522, 5 N. E. 666, 55 Am. Rep. 222; *Waymire* v. *Waymire* (1895), 141 Ind. 164, 40 N. E. 523; *King* v. *Hartley* (1919), 71 Ind. App. 1, 123 N. E. 728.

The finding of the court in this case is explicit as to the fact of possession. Appellee "at no time" has been in possession of more than 10 acres enclosed by her. The decedent, Alfred Donnelly, *was* in possession of the land now in controversy and "managed the same and

exercised dominion thereover from the time of its purchase by him to the date of his death." All the evidence in the record bearing on the subject sustains these two findings made by the court below.

In *Riley* v. *Haworth, supra,* the court, after holding that the payment of a part or all of the purchase money is not such part performance as will take a parol contract for the sale of land out of the statute, says: "It is said that the important acts which constitute part performance are actual, open possession of the land, or permanent and valuable improvements made on the land or these two combined. Pomeroy, Eq. Jurisp. (2d ed.) §1409, note. But, in order that possession may remove the case from the effects of the statute there must be an open and absolute possession taken under the contract, and with a view to its performance. The possession must be yielded by one party, and accepted by the other, as done in performance of the contract. If possession precedes the contract, or if the contract be with a tenant already in possession, and who continues in possession afterwards, the contract is within the statute as in neither case was there a change of possession in execution of the contract."

It has been held in this state that possession by a lessee, under a parol lease, of part of the premises leased, and payment of rent for such portion, is not such part performance as arrests the operation of the statute so as to give the lessee a right to the balance of the premises leased. *Cochran* v. *Ward* (1892), 5 Ind. App. 89, 29 N. E. 795, 31 N. E. 581, 51 Am. St. 229.

Under the facts stated in the finding, appellee is not entitled to a decree enforcing the specific performance of the parol contract. Therefore, the court erred in each of the conclusions of law stated. No other alleged errors need be considered.

The judgment is reversed, and the cause is remanded, with instruction to restate the conclusions of law in favor of the appellant, and to enter judgment accordingly.

## ON PETITION FOR REHEARING.

BRIDWELL, C. J.—We are urged in a very earnest brief to grant a rehearing in this cause and to affirm the decision of the lower court, but, after due consideration of the reasons advanced by counsel, our convictions remain unchanged. Specific performance of a parol contract to convey real estate cannot be had except in cases where possession has been yielded and taken under and pursuant to the contract made, and such possession must be exclusive. As bearing upon the question, we cite the following additional authorities. *Swales* v. *Jackson* (1890), 126 Ind. 282, 26 N. E. 62, 3 L. R. A. (N. S.) note, page 814, and authorities there cited.

The petition for a rehearing is denied.