JACKSON ET AL. *v.* FIRST NATIONAL BANK & TRUST COMPANY OF LAPORTE ET AL.

[No. 17,289. Filed December 8, 1944. Rehearing Denied January 4, 1945. Transfer Denied January 30, 1945.]

314

*Francis G. Fedder* and *James P. Gleason,* of Michigan City, for appellant.

*John B. Dilworth* and *William C. Pusch,* of LaPorte, for appellees.

DRAPER, C. J.—The appellee bank, administrator of the estate of Charles W. Jackson, deceased, filed its petition for leave to sell decedent's real estate to pay debts and expenses of administration; making appellants, who are decedent's surviving brothers and sisters and as such his sole and only heirs-at-law, and the appellees Anderson & Anderson who were in possession of the real estate, parties thereto.

The appellee Ura Anderson, who will be hereafter re-

ferred to as the appellee, filed a cross-complaint alleging an oral contract with the decedent, whereby he promised and agreed that if she would take care of him as long as he should live, he would give to her the real estate in question, with other property, and that pursuant to the agreement she took possession of the real estate, made permanent and lasting improvements thereon, in all things performed the contract, and is in equity the owner of the real estate.

The court found the facts specially, stated conclusions of law thereon favorable to the appellee and entered a decree appointing a commissioner to execute a deed conveying the real estate to her.

The errors assigned and relied on for reversal arise on the exceptions to the first and second conclusions of law and the overruling of appellant's motion for new trial.

The facts as found by the court from the undisputed evidence are briefly as follows:

The deceased, about 70 years of age, was a retired railway employee who for years prior to his death on November 29, 1940, had suffered from diabetes and required a special diet. After the death of his wife on October 25, 1938, he found that he could not take care of himself alone. He had no children and for a short time a brother and his wife lived with him, but the arrangement was not satisfactory and was soon terminated. He thereafter lived alone for a while but in the summer of 1939 requested appellee, a sister of his deceased wife, who had formerly lived in his family for many years, to come and live in his home in LaPorte and take care of him as long as he lived, in consideration of which he agreed to give her all his property. She agreed to do so and thereupon she closed her own home in another city, moved her furniture into dece-

dent's home, began her duties and continued until his death to care for the deceased. After she moved in she improved the premises by installing a new cabinet sink, hot water heater and boiler, plumbing repairs, window shades, papering and painting and general repairs at a cost in excess of $125 in addition to her own labor and that of her husband. She bought from funds earned by her or furnished by her husband all food, supplies, fuel, light and water and paid all household expenses, the deceased paying nothing. He frequently stated to various friends and neighbors that appellee would get "everything" and that the property was hers and she could do anything she wanted with it. With reference to her making the improvements, he said that it was up to her to do the things she wanted to do because the house was hers. *Before appellee moved in the deceased put his savings of $4,000 in a joint account with appellee and designed appellee as beneficiary under a death benefit policy for $750. After his death she withdrew the savings and received the insurance.

The appellants first assert the evidence is insufficient to sustain the court's finding that an agreement was actually entered into and that the terms of the agreement, if one were made, were so indefinite, uncertain and conjectural that specific performance could not be decreed.

Specific performance of an oral contract to convey land will not be decreed unless the terms of the contract are either admitted or established by clear, definite and satisfactory evidence. If from the evidence it is conjectural whether there was a contract, or the terms of it are uncertain, a decree for specific performance ought to be withheld. *Cutsinger* v. *Ballard* (1888), 115 Ind. 93, 17 N. E. 206.

(* See order of 1-4-45.)

It must be conceded that appellee's agreement to "take care" of the deceased as long as he lived, in the absence of anything more, is ambiguous, for ▮ whether it meant to simply furnish nursing care, or to furnish such care together with food, shelter and the like, all at the expense of the appellee, is open to conjecture. From the beginning, however, the appellee did support, shelter and care for the deceased at her own expense and the deceased did receive and accept such benefits from her. The practical construction thus put upon their contract by the acts and conduct of the parties themselves removes the uncertainty and makes it clear that at the time of contracting the parties themselves meant and intended that the one should furnish and the other should receive the kind of care that was actually furnished. 58 C. J., p. 933, § 97. While it is true that the deceased took no steps to transfer the real estate to the appellee by formal conveyance, his attitude and expressions to others with regard to it makes it clear that when he promised that the appellee should receive "everything," he intended the word to be inclusive of the real estate. We do not regard it as important that the agreement included no provision to the effect that the appellee would bury the deceased. The contract was complete without the inclusion of that provision and speculation as to why it was not included would be fruitless.

The appellants, asserting error in the conclusions of law, complain that there is no finding as an ultimate fact that the appellee entered into possesion of the real estate, and that the evidentary facts found are consistent with the theory that the appellee took possession of the real estate in the capacity of a housekeeper only.

To take a case out of the statute (§33-101, Burns' 1933) where the one claiming ownership is not al-

ready in possession at the time of the making of the contract, possession must be taken under and pursuant to its provisions. *Donnelly* v. *Fletemeyer* (1932), 94 Ind. App. 337, 176 N. E. 868, 179 N. E. 190; *Waymire* v. *Waymire* (1895), 141 Ind. 164, 40 N. E. 523; *Lloyd* v. *Lloyd* (1943), 113 Ind. App. 623, 48 N. E. (2d) 837. Such possession need not always be exclusive however, for in cases similar to the one at bar, involving contracts to convey real estate in return for personal services rendered in caring for the grantor on the premises, only such possession need be taken as is consistent with the existing conditions and circumstances imposed by the contract. *Brown* v. *Freudenberg* (1939), 106 Ind. App. 692, 17 N. E. (2d) 865.

Of the twenty-one separately numbered findings, no one finding is expressly to the effect that the appellee took possession of the real estate under and pursuant to the terms of the agreement. The court did however find that the appellee, "in the performance of the agreement" between the parties involving the rendering of the services and the conveyance of the property, closed her own home, moved her furniture into the house and began her duties, and continued to perform them until the death of the deceased, and that while so living in the premises she made the alterations and improvements above mentioned. These findings, taken with the others, are of such a character as to necessarily involve the existence of the essential ultimate fact of possession taken under and pursuant to the provisions of the contract. The facts found indicate that the actions of the appellee after the making of the contract were directly referable to it, and the existence of those facts is wholly inconsistent with the idea that the appellee took possession of the property as a

mere housekeeper or in any other manner than because of and pursuant to the provisions of the contract. In other words, the facts found necessitate the inference of the ultimate fact, and the ultimate fact will be treated as found. *Harris* v. *Riggs* (1916), 63 Ind. App. 201, 112 N. E. 36; *Mortgage Underwriters, Inc.* v. *Stuckey* (1940), 108 Ind. App. 83, 27 N. E. (2d) 111; *Universal Insurance Co.* v. *Glover* (1935), 100 Ind. App. 327, 195 N. E. 583.

Finding no error, the judgment is affirmed.

Crumpacker, J. not participating.

NOTE.—Reported in 57 N. E. (2d) 946.