GENDA, ADMINISTRATOR, ETC., ET AL. *v.* HALL.

[No. 18,946. Filed December 10, 1958. Rehearing denied January 22, 1959. Transfer denied June 25, 1959.]

*O'Neill, Scott & Schrenker, John E. Scott* and *William J. Norton,* of counsel, all of Anderson, for appellants.

*Conrad S. Arnkens, Joan C. Bashaw* and *Everett E. McDaniels,* all of Anderson, for appellee.

COOPER, J.—This is an appeal from the Circuit Court of Madison County wherein the appellee filed a complaint to obtain specific performance of an alleged oral contract to make a will. By agreement of the parties, the cause was submitted for trial to the court upon the appellee's second paragraph of supplemental complaint and the appellants' answer in denial. This supplemental complaint contains eleven lengthy paragraphs, and, in order to be brief, we will condense the averments contained therein.

A concise statement of the pertinent and material averments of the appellee's supplemental complaint alleges that she is the daughter of one Oliver P. Walser, deceased; that upon his death he left surviving him a second childless wife and the appellee; that he died intestate and left personal property of the appraised value of Three Thousand, Two Hundred Sixty Three Dollars and Twenty-four cents ($3,263.24); that at his death, he was the owner, with a sister (as tenants-in-common) Lots number one and two in Eckhart's, a sub-division to the City of Anderson, Madison County, Indiana; that upon his death, his one-half interest in said realty passed to the appellee, subject to the one-third life estate the law of descent gave to his widow, Lillian V. Walser. Also, at the time of his death, he was the owner, with his wife, as tenants-by-the-entireties Lot number forty-three in C. P. McClelland's Addition to the City of Anderson, and, upon his death, the said Lillian V. Walser became the sole owner of said realty; that within a week or ten days of Oliver Walser's death, Lillian Walser offered and proposed that if the appellee would forego and relinquish her inheritable interest in the personal property and assets of her father's estate and continue to permit the widow to live in the realty owned by the appellee and her aunt in which the said Lillian Walser held a one-sixth interest for life, the said Lillian Walser would at once make and execute her last will and testament, devising and bequeathing to the appellee all of the real and personal property which the said Lillian V. Walser should die the owner; that the appellee, in good faith, accepted said offer; that the said Lillian V. Walser, at no time, in any manner, repudiated said contract, but that she did fail and neglect, in her lifetime, to comply with her

contract and agreement in that she failed to execute a will devising and bequeathing the personal and real property of which she died the owner. The relief sought was the specific performance of the averred contract.

The record reveals that after the conclusion of all the evidence, the trial court entered the following finding and judgment:

"And it being agreed by and between the parties and the Judge herein that this matter is submitted on Paragraph II of plaintiff's supplemental complaint and the Judge herein having heard the evidence and being well and sufficiently advised in the matter now finds for the plaintiff upon the material allegations of Paragraph II of her supplemental complaint; that the plaintiff is entitled to specific performance of the contract as alleged in Paragraph II of her supplemental complaint; that a commissioner should be appointed to make conveyance of the following described real estate located in Madison County, Indiana, to-wit: 'Lot numbered 43 in C. P. McClelland's Plat Book 3, Page 91, Records of Madison County, Indiana;' that John H. Genda, administrator of the estate of Lillian V. Walser, should pay over and deliver to the plaintiff the personal assets of the estate of Lillian V. Walser less, however, the costs of administration.

"IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover of and from the defendant, John H. Genda, as administrator, the personal assets of the estate of Lillian V. Walser, less, however the costs of administration and the administrator, John H. Genda, is hereby ordered to deliver over and pay to the plaintiff herein any and all money, assets and property held by him as administrator of the estate of Lillian V. Walser and Joan C. Bashaw is now appointed commissioner and ordered to execute a deed conveying to Alma Hall the following described real estate located in Madison County, Indiana, to-wit:

" 'Lot Numbered 43, C. P. McClelland's Addition to the City of Anderson, as shown in Plat Book 3, Page 91, Records of Madison County, Indiana,'

"All of which is finally and fully ordered, decreed and adjudged."

Thereafter, the appellants filed their Motion for a New Trial averring (1) "That the decision of the court is not sustained by sufficient evidence," and (2) "That the decision of the court is contrary to law." The Motion for a New Trial was overruled, and that ruling of the trial court is assigned as error in the cause now before us.

The only issue involved in this appeal is whether or not an oral contract to make a will to devise real and personal property based upon the consideration of a relinquishment of a current inheritable interest in personal property and assets was sufficient to evade the Statute of Frauds and permit a judgment for specific performance to carry out the oral contract where the party who was to receive the property, both real and personal, was not at any time put into the possession of said property.

A verbal contract for the sale of land is not, in itself, void. The Statute of Frauds simply provides that no action shall be brought upon it. Sec. 33-101, Burns' Ind. Stat., 1949 Replacement, provides, in part:

"When contracts must be in writing.—No action shall be brought in any of the following cases: . . . Fourth. Upon any contract for the sale of lands. . . . Unless the promise, contract or agreement upon which such action shall be brought, or some memorandum or note thereof,

shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized, excepting however, leases not exceeding the term of three (3) years."

Likewise, §33-105, Burns' Ind. Stat., 1949 Replacement, provides, in part:

"Goods and choses in action—Contract to sell or sale.—(1) A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars ($500) or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract of sale be signed by the party to be charged or his agent in that behalf."

The other sections of the Statute of Frauds and Perjuries are not applicable to the complaint or facts before us.

A review of authorities reveals it has been consistently held that a contract to devise land must be in writing, (see *Wallace, Administrator* v. *Long, Guardian* (1885), 105 Ind. 522, 5 N. E. 666, and authorities cited; *Schoonover, Executor* v. *Vachon et al.* (1889), 121 Ind. 3, 22 N. E. 777; *Hurd etc.* v. *Ball et al.* (1957), 128 Ind. App. 278, 143 N. E. 2d 458, 464, pursuant to our Statute of Frauds, unless in the performance of the verbal contract made between such intestate and the other party, the former put the latter in possession of said lands. Under the latter circumstances, our courts have held that such contract is not within the Statute of Frauds. See *Mauck et ux.* v. *Melton et al.* (1878), 64 Ind. 414, and authorities cited.

Likewise, an oral agreement to bequeath goods of

the value of Five Hundred ($500.00) Dollars is also within the provisions of §33-105, Burns' Ind. Stat., 1949 Replacement. See *Hurd* v. *Ball, supra*, at p. 464; *Wallace, Administrator* v. *Long, Guardian, supra; Alerding* v. *Allison* (1903), 31 Ind. App. 397, 68 N. E. 185.

Our Supreme Court has stated in the case of *Kavanaugh* v. *England* (1953), 232 Ind. 54, 110 N. E. 2d 329:

> "The term 'goods' as used in this statute, §33-105 Burns' 1949 Replacement, is generally understood to mean personal estate as distinguished from realty, and to embrace every specie of property which is not real estate or freehold. *Saint Joseph Hydraulic Company* v. *Wilson et al.* (1893), 133 Ind. 465, 471, 33 N. E. 113, 115, and cases cited; 38 C. J. S. *Goods, As Personalty*, p. 940; Black's Law Dictionary (3rd Ed.) p. 851."

In reviewing the record before us, it affirmatively appears that the appellee in this cause alleged that she had faithfully performed the contract on her part, but there is no allegation that possession of either the real or personal property, or any part thereof, had been taken under the contract by her from the said Lillian V. Walser.

The record further reveals that there is an absolute failure on the part of the appellee below to make any proof whatsoever that she was placed in possession or had taken possession of any of the property, real or personal, or any part thereof, under said oral contract.

"Specific performance of an oral contract to convey land will not be decreed unless the terms of the contract are either admitted or established by clear, definite and satisfactory evidence. If from the evidence it is conjectural whether

there was a contract, or the terms of it are uncertain, a decree for specific performance ought to be withheld." *Jackson* v. *First Nat. Bk. & Tr. Co. of LaPorte* (1944) (T. D. 1945), 115 Ind. App. 313, 57 N. E. 2d 946.

It has been said that "If the Statute of Frauds presents no obstacle to the enforcement of the contract, then, so far as the record discloses, none exists. It cannot, of course, be denied that if the contract had been in writing, or if, in pursuance of an oral contract, the plaintiff had been put in complete possession and she had otherwise fully performed on her part, specific performance could have been enforced." *Wallace, Administrator* v. *Long, Guardian, supra,* at p. 525.

Our court recently in a somewhat similar case, *Hurd* v. *Ball, supra,* at p. 464, stated:

" 'Contracts to devise real estate by will, since they contemplate a transfer of real estate for a consideration, are also within the Statute.' " Williston on Contracts, Revised Edition, Vol. Two, §488, page 1404, note 11. (Relating to our Statute, clause 4, §33-101, Burns' 1949 Replacement.) A contract to bequeath personal property is within the provisions of the Uniform Sales Act (§33-105, Burns' 1949 Replacement). Williston on Contracts, Revised Edition, Vol. Two, §507, page 1479, note 6, citing Wallace v. Long, supra.

"Clearly, then, the parol contract counted upon in appellant's complaint is within the prohibition of the Statute of Frauds, clause 4, and the Uniform Sales Act, and cannot be specifically enforced, unless the facts pleaded establish such performance of the contract by appellant's mother, within the legal requirements applicable thereto, as to remove it from without the pale of the Statutes referred to."

We further stated at page 468:

"However, one is not to be relieved from the restraining influence of the Statute of Frauds and permitted to specifically enforce an ■ oral agreement within such statute merely because of the absence of a legal remedy. *Either the oral agreement is within the statute or it isn't. There is no middle ground.*" (Our emphasis) "As said by Judge Cardozo in the case of Burns v. McCormick, above cited, 'Not every act of part performance will move a court of equity, *though legal remedies are inadequate,* to enforce an oral agreement affecting rights in land'. (Our emphasis)"

The appellee, in his brief filed with this court, makes the following concession:

"Appellee agrees with appellants that *Wallace* v. *Long,* 105 Ind. 522, 5 N. E. 666, (1886) held that an oral contract to devise real estate in return for services rendered is unenforceable because of the Statute of Frauds, even though the services had been rendered, unless exclusive possession of the real estate was taken by the intended devisee during the lifetime of the person contracting to write the will bequeathing the real estate."

The appellee then attempts to criticize the *Wallace* v. *Long* case, *supra,* by stating that the Supreme Court had overlooked important factors in that particular case. Regardless of any shortcomings which may appear in the Wallace case, *supra,* we are nevertheless bound by it.

The appellee also maintains that because the consideration in the Wallace case, *supra,* was the rendition of services, while in the case at bar the consideration was the forbearance on the part of the appellee to claim her one-half interest in the personal estate of her father, and, further because of her promise to the decedent that she could continue for the remainder of her life to reside rent-free in premises owned as tenants-in-common by the appellee and the

appellee's aunt, in which, however, the decedent had a one-sixth interest for life, the Wallace case, *supra*, is not in point. With this, we cannot agree. The type of consideration is immaterial and not controlling for, as stated in the case of *Wallace* v. *Long, supra,* at p. 526, our Supreme Court said:

> "When the title to property, either real or personal, is to be acquired by purchase, the Statute of Frauds will operate upon and effect the ■ contract in precisely the same manner, whether the consideration for the purchase is to be paid in *services, money, or anything else.* In either case, such contract, being in parol and entirely executory, cannot be enforced by either party, and it may be doubted whether a contract, which is within the Statute so as to be incapable of specific performance has sufficient validity to support an action for damages by either party unless the contract was induced under or its violation is involved in some special circumstance of fraud or bad faith. . . .
>
> "The most that can be recovered in such a case is the value of what may have been paid or performed by one party in reliance upon such a contract, when the other refuses to perform." (Our emphasis)

The Supreme Court, in the case of *Swales* v. *Jackson et al.* (1890), 126 Ind. 282, 26 N. E. 62, said:

> "It was long ago held by this court that the payment of the purchase-money is not such part performance of a parol contract for the ■ sale of land as will avoid the statute of frauds; nor is the remaining in possession by a tenant such part performance, nor the taking of possession without the vendor's consent. *Johnston* v. *Glancy,* 4 Blackf. 94. See *Rucker* v. *Steelman,* 73 Ind. 396; *Arnold* v. *Stephenson,* 79 Ind. 126."

Furthermore, the record reveals that the realty upon which the appellee seeks title by specific per-

formance is not the realty which the appellee and her aunt owned as tenants-in-common subject to the decedent's one-sixth interest for life, which was already in possession of the decedent, but another piece of real property owned solely by the decedent at the time of her death, the absolute possession of this property was at all times in the sole and exclusive possession of the decedent until the time of her death.

This court, in the case of *Jackson* v. *First Nat. Bk. & Tr. Co. of LaPorte, supra,* held:

> "To take a case out of the statute (§33-101, Burns' 1933) where the one claiming ownership is not already in possession at the time of the making of the contract, possession must be taken under and pursuant to its provisions. *Donnelly* v. *Fletemeyer* (1932), 94 Ind. App. 337, 176 N. E. 868, 179 N. E. 190; *Waymire* v. *Waymire* (1895), 141 Ind. App. 623, 48 N. E. (2d) 837" and authorities cited.

The Supreme Court, in the case of *Swales* v. *Jackson, supra,* at p. 285, said:

> "If they were already occupying the land, whether as tenants or as former owners, and simply continued in possession after the parol contract was made, there was no such taking of possession under the contract as will take the case without the statute of frauds.
>
> "To bring a parol contract for the sale of real estate within the exception to the statute, which requires all such contracts to be in writing, *there must be an open and visible change of possession under the contract.*" (Our emphasis)
>
> "If the vendee be in possession at the time of the contract, whether as tenant or otherwise, and continues to occupy, the case is not one falling within the exception."

Under the undisputed facts, as shown by the record,

and the law applicable thereto, we are of the opinion that the judgment of the court is contrary to law.

Judgment of the trial court is reversed with instructions to sustain the appellants' motion for a new trial.

NOTE.—Reported in 154 N. E. 2d 527.