Kramer *v.* Williamson.

No. 16,458.

KRAMER *v.* WILLIAMSON.

|135 655|
|146 198|

|135 655|
|154 192|

|135 655|
|164 171|

PLEADING.—*Complaint, Sufficiency of.—Cancellation of Notes.—Fraud.* —*Failure of Consideration.*—In an action to cancel certain notes alleged to have been fraudulently obtained, the complaint is sufficient, irrespective of the charge of fraud, to entitle the plaintiff to their cancellation, which shows that the consideration for the notes has completely failed.

VERDICT.—*Sufficiency of Evidence to Sustain.*—That the verdict is sustained by the evidence, see opinion.

CONTRACT.—*Representations or Inducements.—Right to Rely On.*—A contracting party has an absolute right to rely on the express statement of an existing fact, the truth of which is known to the opposite party and unknown to him, as the basis of a mutual engagement, and he is under no obligation to investigate or verify the same.

EVIDENCE.—*Matters of Record.—Admissibility.*—Where the issues of a case involve the record of a former proceeding, such record, or parts thereof relevant to the issues, may be introduced in evidence, and the same is true of deeds and other matters of record.

From the Madison Circuit Court.

*C. M. Greenlee, E. B. Goodykoontz* and *G. M. Ballard,* for appellant.

*W. O. Dean, W. H. Dean, J. W. Kittinger* and *L. Schwinn,* for appellee.

DAILEY, J.—This was an action brought by the appellee, against the appellant, in the court below, to obtain a judgment and decree, declaring certain notes, and a mortgage executed to secure the same, null and void, and to cancel said mortgage.

The complaint is in two paragraphs; and each substantially avers that at the time of the execution of the notes and mortgage in controversy there were two suits pending in the Madison Circuit Court, one of which was a proceeding by Maleva Hutson, against the appellant and appellee herein, to foreclose a vendor's lien on cer-

tain real estate therein described, which the appellant had sold and conveyed to the appellee, prior thereto, by a deed containing the covenants of general warranty; that the other suit was an action brought by one William E. Redwine against the appellee to recover $2,000 damages for alleged malicious prosecution; that said causes were both set for trial in said court on the same day; that the case of Hutson against appellant and appellee, in which the appellant was the real party defendant in interest, was first taken up for trial, and after the plaintiffs therein had introduced their evidence in chief, it became evident to the appellant that the plaintiffs would succeed in said cause; that thereupon the appellant entered into an agreement with the plaintiffs to compromise, and did settle said suit for the sum of $225; that the appellee had engaged the Behymer brothers, as attorneys to represent him in his defense in the Redwine case, but they failed to be present and assist him in that behalf; that while the appellant was effecting the adjustment of his said cause for $225, he came to the appellee and represented to him that there was a large amount of costs accrued in the case of said Redwine against the appellee amounting in the aggregate to $200, and that said Redwine was offering to accept the sum of $200 in full of his claim to damages in his suit against the appellee; that the appellant was compromising his said cause with Mrs. Hutson *et al.*, and if the appellee would execute to him his note for $200, due five years after the date thereof, secured by a mortgage on the appellee's real estate, he—the appellant—would furnish and pay for the appellee to said Redwine the $200, in settlement of the suit for malicious prosecution; that these representations were false and fraudulent; that the appellant never compromised said suit against the appellee and never paid any amount for him in adjustment of said suit or otherwise, and that it

was not necessary for him to have $200, or any other amount for that purpose, and that the consideration for said note has wholly failed.

There is a slight difference between the verbiage of the two paragraphs of the complaint, but we think each one sufficiently shows that no consideration moved from the appellant to the appellee for the note in suit, and that as between the appellant and the appellee, the former was primarily liable for the amount paid in the foreclosure proceeding. The averments that the appellant falsely represented to the appellee that he had a proposition from Redwine offering to compromise the action for $200, and that it was necessary that he have that sum to pay in the settlement of said cause, and that the appellant was paying the amount to Redwine for appellee to adjust the same; that the appellee believed these statements to be true, and relying thereon executed the notes and mortgage in suit, are representations as to existing facts and the further averment that the appellant never compromised said suit, nor paid any amount for appellee in settlement or otherwise, sufficiently shows that the consideration for the notes in suit failed, and entitles the appellee to their cancellation.

It is insisted, by the counsel for the appellant, that the allegations of fraud are only by way of recital, and nothing more, and that there is no averment that the representations claimed to have been made were false or untrue.

It does not appear from the complaint, unless it be by inference, that Redwine was demanding $200 from appellee in settlement of the damage suit, at the time the representations were made and the notes were executed; but whether he did or did not claim it, the fact remains, from the averment, that he never received a farthing from

the appellant of the sum represented by these notes. If the charge of fraud were entirely eliminated from each paragraph of the complaint, the averments in each are adequate to warrant the relief prayed for, as enough would remain to disclose a complete failure of consideration.

The fourth error assigned is, "That the court erred in overruling the appellant's motion for a new trial of said cause." This, counsel say, they regard as the most important, and upon it they rely for a reversal of this case. Under this specification, they contest the sufficiency of the evidence to sustain the verdict and judgment. The rule that the court will not reverse a case upon the weight of the evidence is so well settled by repeated decisions of this court that citations of authorities are unnecessary to sustain it. The jury are the judges of the credibility of the witnesses, and it is their province to weigh the evidence and determine its preponderance. There must be an absolute failure of the evidence on some material point before this court will interfere with the judgment because of the evidence. *North Manchester, etc., Ass'n* v. *Wilcox,* 4 Ind. App. 141.

We have carefully examined the evidence in this case, and find that there was evidence introduced on every material point necessary to a recovery, tending to support the verdict of the jury, and if there were evidence in the record of a conflicting character, we could not disturb the verdict and judgment upon the weight of the evidence. We will not attempt to summarize the testimony in this case. It is enough to say that the appellee's recital of the events leading up to the execution of the notes and mortgage in suit supports the allegations of his complaint, and makes a case for the equitable relief he was granted, and that the appellant, at no time, had any claim upon, or demand against, the appellee, by

reason of any liability created, or burden assumed that could have constituted the basis for the notes and mortgage in question. No witness has disclosed a contrary state of facts in this essential particular, and we must infer the truth of his statement. If we were to reject appellees' account of the transaction, the fact would still remain in the record that appellant took the notes and mortgage to reimburse himself for $200, in cash, which he paid to the heirs of John W. Redwine, deceased, to settle an action to enforce a vendor's lien against real estate, he had conveyed to the appellee by deed containing the covenants of general warranty. It was his duty to protect his covenants, and in doing so, as between him and the appellee, he paid his own debt, and could have no recourse upon his grantee therefor. It is contended, by counsel for the appellant, that at the time the false representations are alleged to have been made, and the notes and mortgage executed, the appellee's mental condition was such that he was unable to understand what was said and done. The appellee, it seems, is not possessed of a very high degree of intelligence, and can neither read nor write. Besides his illiteracy, he testified that he was in poor health; that during his service in the army, he became and was afflicted with catarrh, deafness and pulmonary trouble; that he had a headache and could not well understand, but we do not see how his mental sufferings and physical misfortunes can aid the appellant who seeks to enforce a contract against him, made while in that condition. The contention comes with bad grace, and is placed upon dangerous grounds, in a court of equity, where the weak and helpless come to demand relief from the avarice, greed, and cupidity of shrewd and crafty neighbors. It is a mistaken assumption that a false representation made by one of the parties to a contract puts the other on inquiry as to its truth,

even where they are on an equal footing.    Every con-
tracting party has an absolute right to rely on the ex-
press statement of an existing fact, the truth of which is
known to the opposite party and unknown to him, as
the basis of a mutual engagement, and he is under no
obligation to investigate or verify the statements, to the
truth of which the other party to the contract, with full
means of knowledge, has deliberately pledged his faith.
*Union Cent. Life Ins. Co.* v. *Huyck*, 5 Ind. App. 474, 32
N. E. Rep. 591; *Jones* v. *Hathaway*, 77 Ind. 14; *Mead* v.
*Bunn*, 32 N. Y. 275.

It is also insisted, by counsel for the appellant, that the
court erred in permitting the appellee to introduce in
evidence the third paragraph of the complaint in the case
of Hutson *et al.*, against the appellant and others to
foreclose the vendor's lien, and the cross-complaint in
said cause; also that the court erred in admitting the
deed from the appellant to the appellee in evidence.

In view of the issues in the case under consideration,
we think there was no error in the rulings of the trial
court, that could prejudice the rights of the appellant.
The pleadings show that there had been an action pend-
ing to enforce a vendor's lien, as was alleged in the com-
plaint, and they identify that proceeding.    The deed,
having been executed by the appellant, was competent
evidence against him as to that transaction, just as any
other act, admission, or declaration would be, where it
tended to explain a matter at issue.

The judgment of the lower court is clearly right upon
the evidence, and it is affirmed.

Filed Nov. 28, 1893.