Loucks *v.* Taylor.

## LOUCKS *v.* TAYLOR.

[No. 3,165. Filed November 14, 1899.]

VENDOR AND PURCHASER.—*Fraud.*—Where a vendor in negotiating a sale of real estate falsely represented to the purchaser that a certain mortgage thereon in favor of a building and loan association had all been repaid except $500, which was payable in monthly instalments of $13.47; that the association had represented to vendor that the loan would be fully repaid in seventy-two instalments, and that only thirty-six instalments remained to be paid, when in fact the association represented to him that the stock would not mature in less than eighty-four months, such representation was not the statement of an opinion, but of a fact on which the purchaser had the right to rely. *pp. 246-249.*

SAME.—*Fraud.—Deeds.—Failure to Read Clause in Deed.*—Where the purchaser of real estate encumbered by a mortgage could not read because of defective eyesight, was inexperienced in business, and wholly unacquainted with the forms of deeds and contracts, but had confidence in the vendor, who upon reading the deed to him failed to read a clause therein stating that grantee assumed and agreed to pay a certain mortgage, when in fact the purchaser had only agreed to pay a certain balance represented by vendor to be due thereon, such failure was a fraud upon the purchaser. *pp. 246-249.*

From the Porter Circuit Court. *Affirmed.*

*J. W. Wartman* and *B. H. Miller*, for appellant.

*N. L. Agnew, D. E. Kelly, B. Borders, L. Becker* and *J. O. Bowers*, for appellee.

COMSTOCK, C. J.—This action was to recover damages for false and fraudulent representations alleged to have been made by appellant in the sale to appellee of certain real estate in Lake county, Indiana. The action was begun in the Lake Circuit Court, but was tried in the Porter Circuit Court upon change of venue. Appellee recovered judgment for $373. The only alleged error discussed is the sufficiency of the amended complaint on which the issues were formed and cause tried.

The complaint, in substance, alleges that on the 1st day of June, 1890, appellant, being the owner of certain real estate, in Lake county, Indiana, (describing it), borrowed of the Guaranty Savings & Loan Association of Minneapolis, Minnesota, $800, and, to secure the payment of the same, purchased a certificate for eight shares of stock in said company, and agreed to mature them by the payment to said company of sixty cents each month upon each share, and until the stock was so matured he agreed to pay to the company interest upon the sum so borrowed at the rate of thirteen per cent. per annum in monthly instalments of $8.67 each; to secure the performance of the contract, he executed to the association a mortgage on said real estate, which was duly recorded in the proper record; the mortgage set out the contract between said company and Loucks in detail, but did not state the length of time required to mature by monthly payments of sixty cents per share. It did provide that appellant should continue to pay said sums per month, and continue to pay interest at the rate of thirteen per cent. per annum until the stock should mature, and upon the maturity of the stock it would be received by the company in full payment of the loan of $800. At the time of the making of the contract between appellant and the company, the company represented to him that the stock would not mature in less than eighty-four months. On the 25th of February, 1893, appellant solicited appellee to purchase said property and offered to sell the same to him for $1,800, and repre-

sented to him that there was a mortgage on the property upon which there was a balance unpaid of $500. Appellee agreed to purchase and pay for said property $1,800.

It is alleged that for the purpose of cheating appellee, and to deceive him into paying more than $1,800 for the property, appellant falsely and fraudulently represented to him that all the money borrowed had been paid except $500, and that when appellee had paid to the association the sum of $500 in monthly instalments of $13.47 each the loan would be fully paid. Appellant further stated that the association had represented to him that the loan would be fully paid by the payment of seventy-two monthly instalments of $13.47 each, and that he had paid thirty-six instalments, leaving only thirty-six unpaid; that all these representations were false; that appellant knew at the time he made them that they were false, and that he made them for the purpose of deceiving appellee and inducing him to pay a larger sum than $1,800 for said property. He alleges that he believed said statements to be true; that he had no means to ascertain their truth except from said building association, which was located 500 miles from Lake county, Indiana. He paid $700 in cash, and executed his four promissory notes for $150, each due in one, two, three, and four years after date, secured by a mortgage on the property, and agreed to pay the association $500 in monthly instalments of $13.47 each. That, in furtherance of this fraudulent design, appellant caused to be inserted in the deed of conveyance this clause, to wit: "This conveyance is made subject to a certain mortgage in favor of the Guaranty Savings & Loan Association of Minneapolis, Minnesota, which the grantee assumes and agrees to pay off." That this clause was not according to the agreement, and that at the time appellee accepted the deed he did not know said clause was in the same, and had no knowledge of it until he had paid the price agreed upon; that he was more than sixty-five years of age; that his eyesight was so defective that he could not see to read the deed;

that appellant pretended to read the deed to him, but did not read said clause to appellee, and concealed from him that it was in the deed. Appellee had had but little business experience; was wholly unacquainted with the forms of deeds and contracts; that appellant was a shrewd man, engaged in buying and selling property, well acquainted with the forms and technical meaning of all kinds of contracts, knew the technical meaning and force of said deed as it was written, and knew that appellee was ignorant of such matters and was unable to read said deed.

The complaint further avers that by tricks and devices, and pretended honesty and certain religious pretentions, appellant had obtained and then had the full confidence of appellee. The tricks and devices and religious pretentions were not set out, but it is clearly averred that appellant had the trust and confidence of appellee. He took possession of the property, paid the $1,800 in the manner agreed upon, and when he had paid the $500 to the association, he first learned that he had been deceived, and he was compelled to pay $373 in addition to the $500 which he agreed to pay.

Appellant points out that the controversy rests alone on the mortgage, or the balance of $500 on the mortgage of $800, and claims that there is no averment in the complaint that the representations made by appellant that the original mortgage was $800 and the balance due on the same was $500 was false or fraudulent. Appellant further claims that the complaint contains no averment that there was at the time of the purchase of the property more of balance due on the mortgage. There is no denial that $500 would have paid the balance of the mortgage on the 25th of February, 1893; that if $500 would have satisfied the mortgage on February 25, 1893, then the complaint states no cause of action.

Referring to the summary of the complaint above set out, we find that appellant represented that all of the loan had been repaid except $500, payable in monthly instalments

of $13.47; that the association had represented to appellant that the loan would be fully paid in seventy-two monthly instalments of $13.47 each; that he had paid thirty-six instalments, and that only thirty-six instalments remained to be paid; that all said statements and representations were false, and known by appellant to be false when he made them; that, .at the time of the making of the contract with appellant, the company represented to him that the stock would not mature in less than eighty-four months. The complaint avers that all these representations were false. The statement which appellant made as made by the association was not an opinion, nor a conclusion. It was the statement of a fact about which appellant claimed to have knowledge; a statement of the amount necessary to discharge the lien; a statement of a substantive fact from the association that $500 in monthly payments of $13.47 would pay the balance of the mortgage indebtedness which appellee assumed. It was the statement of a fact upon which appellee had the right to rely. *Kramer* v. *Williamson,* 135 Ind. 655. It is not a satisfactory answer that the $13.47 in thirty-six monthly payments would amount to only $484.82, and would not, therefore, pay an indebtedness of $500. Appellee could not read by reason of his defective eyesight, and was inexperienced in business. He had faith in appellant, and by reason of the representations made had the right to believe that the real estate he purchased would cost him, in the manner of payment agreed upon, not more than $1,800.

The failure to read the clause in the deed assuming the payment of the balance of the mortgage was a fraud upon appellee by which he was made to assume an obligation greater than it was his purpose to assume, as was known to appellant. The judgment is affirmed.