## The E. T. Kenney Company et al. *v.* Ruff.

[No. 4,975.   Filed December 9, 1904.]

1. PLEADING.—*Complaint.*—*Warranty.*—*Breach.*—Where the defendant warranted that a corn-husker, which he sold to the plaintiff, was well made, of good material, and that it would do as good or better work than others of its kind, and the complaint alleged that such corn-husker wholly failed to husk corn properly; that it shelled a great deal of the corn; that its cog-wheel, snapping-roller, shucking-rolls and belt-tightener constantly broke and rendered it impossible to husk corn, it was sufficiently shown that such machine failed to comply with the terms of such warranty.   p. 262.

2. SAME.—*Complaint.*—*Breach of Warranty.*—*Consideration.*—*Failure.*—Where a machine, sold to the plaintiff, was warranted to be of a certain material and to do certain work, and on failure to fulfil such warranty the defendant had the right to furnish a new machine that would fulfil the conditions, or return the plaintiff's money and notes, and it was alleged in the complaint that such machine did not fulfil the warranty and was returned to the defendant, who accepted it, and that the defendant failed and refused to return such money and notes or to furnish or tender such new machine, the failure of consideration for such notes was sufficiently shown.   p. 262.

3. SAME.—*Complaint.*—*Alternative Option by Defendant.*—*Demand.*—Where a contract for the sale of a corn-husker provided that if such husker did not fulfil the warranty given, the plaintiff would have the right to return it, and the defendant would have the right to furnish a new one that would fulfil the warranty or return the money and notes given in payment thereof, and the complaint showed a return and acceptance of such machine by defendant, it was not necessary for the plaintiff to show a demand for such new machine, since such option belonged to the defendant, and the burden was on him to show that he duly offered such new machine and that plaintiff refused it; otherwise, plaintiff's cause of action for the cancelation of the notes given was perfect.   p. 264.

4. TRIAL.—*Special Finding.*—*Venire de Novo.*—Where, in an action for the cancelation of notes and a mortgage given as the purchase price of a corn-husker, the court, in its special finding, failed to set out the complete contract of the parties for such sale, but did set out those parts the violation of which caused the rescission of the sale, a motion for a *venire de novo* because of such failure was properly overruled.   p. 265.

From Pulaski Circuit Court; *John C. Nye,* Judge.

Action by Frank F. Ruff against The E. T. Kenney Company and another. From a decree for plaintiff, the defendants appeal. *Affirmed.*

*Mont. M. Hathaway* and *Francis J. Vurpillat,* for appellants.

*Henry A. Steis,* for appellee.

BLACK, J.—The appellee sued the appellants for the cancelation of certain promissory notes and a chattel mortgage executed by him to the appellant The E. T. Kenney Company. The demurrer of the appellants to the complaint for want of sufficient facts was overruled.

The complaint showed that the appellee, a farmer, and engaged in raising corn, executed his written order to the appellants for the purchase of a certain machine known as the "Janney Common Sense Corn-Husker," made for the purpose of husking corn, and cutting and grinding the corn-stalks into small particles for feeding live stock. The order was set out in the body of the complaint. It is of great length, and only the portions thereof necessary for the illustration of the dispute of counsel relating to the sufficiency of the complaint will be specially noticed. It was dated at Star City, Indiana, signed by the appellee, and addressed to the appellant A. W. Hartman, at that place, as agent; and he was thereby requested to furnish or ship for and to the appellee, about October 1, 1902, to that place, in care of Hartman, agent, such a corn-husker, named and described, for the price of $525. The appellee agreed to receive it subject to the conditions stated in the order, and to pay therefor that price by giving his three promissory notes for $175 each, and his chattel mortgage, described. The order was therein expressly made subject to the acceptance of The E. T. Kenney Company at its home office at Indianapolis, Indiana. In a portion of the order it was stated that the corn-husker was "warranted to be well made, of good material, and, with proper use and management, to do as good

or better work, and as fast or faster, as any other husker of the same size and manufactured for a like purpose;" that if within two days from the date of its first use it should fail in any respect to fill the warranty, written notice, stating wherein it failed, should be given to a manufacturing company named, in Iowa, and to The E. T. Kenney Company, by registered letter or telegram, and like notice given the agent from whom the husker was purchased, and a reasonable time allowed to get to it and remedy defects, if any, if the defect should be such that the remedy could not be suggested by telegram or letter; that, if it could not be made to work, the appellee should return it to the place from which it was received, "where another husker, at the option of The E. T. Kenney Company, will be furnished, which shall perform the work, or the money and the notes which have been given for the above-named husker shall be returned to the makers, and no further claim be made on The E. T. Kenney Company or its agents or the manufacturers."

It was alleged in the complaint that, upon the execution of the order, the appellants delivered the husker to the appellee, who thereupon executed the notes, for which such husker, when complying with the warranties and conditions set forth in the order, was the sole consideration, and also executed the mortgage mentioned to secure the payment of the notes. It was alleged that the whole consideration for the notes and mortgage had failed, in that the machine for which they were given had wholly failed to husk corn properly; that it shelled a great quantity of the corn; that it was improperly constructed, so that certain parts of the machinery necessary to operate it, to wit, the cogwheel, snapping roller, shucking rolls and belt-tightener, constantly broke, and rendered it impossible to use the machine for husking corn; that the appellee repeatedly notified the appellants of such failure of the machine to work successfully, and of the breakage of such parts thereof, and the appellants unsuc-

cessfully attempted to remedy said defects, so as to make it work properly or to prevent it from constantly breaking; and, after trying to put it in proper condition for use, and failing to do so, the appellants wholly abandoned any further attempts, and told the appellee that it would not work; that the appellee then tendered back to the appellants the machine, and demanded back his notes and mortgage; that the appellants accepted the machine, and told the appellee where to deliver it, and he delivered it at the place designated by the appellants, but they wholly failed and refused, and still refuse to surrender to the appellee his notes and mortgage; that the appellants wholly failed to furnish or tender to the appellee a machine that was properly constructed and in good working order, and which would properly husk corn, at the time the appellee surrendered the machine, which was accepted by the appellants. "Wherefore, plaintiff demands judgment against the defendants for the cancelation of said notes and mortgage, and for all other proper relief."

1. The complaint showed by allegations of facts, with sufficient particularity and definiteness, that the machine failed to comply with the terms of the warranty. *McCormick, etc., Mach. Co.* v. *Hays* (1883), 89 Ind. 582; *McCormick, etc., Mach. Co.* v. *Gray* (1884), 100 Ind. 285; *Marion Mfg. Co.* v. *Harding* (1900), 155 Ind. 648; *Ohio, etc., Engine Co.* v. *Hensel* (1893), 9 Ind. App. 328.

2. It is claimed that a total failure of consideration was not sufficiently shown; that for such purpose it was necessary, under the terms of the contract, to show that The E. T. Kenney Company furnished a second machine, which also failed to work as warranted, or that it refused to supply a second machine, and that the appellee was willing to receive another machine and demanded it. Also, it is claimed that the warranty was unconditional, and that, no fraud being shown, the purchaser could not rescind the contract without the consent of the seller, and recover back the pur-

chase money as money paid upon a consideration which had failed. The contract provided that, under conditions shown by the pleading to have occurred, the machine was to be returned by the buyer to the place where it was received, where another husker, at the option of The E. T. Kenney Company, would be furnished, which should perform the work, or the money and notes given for the machine should be returned. When, the warranty being broken, the machine was returned according to the contract, and accepted by the seller, the buyer had done all that was required to be done on his part to relieve himself of obligation to pay for that machine; and, by the terms of the contract, the seller was then to return the notes or to furnish another machine which would perform the work.

It was alleged in the complaint that the appellants failed and refused to surrender the notes, and wholly failed to furnish or tender such a machine. It was not required by the contract that the buyer should demand another machine; it devolved upon the seller to exercise its option to furnish it, or to return the notes: and, the buyer having shown the performance by him of what was required of him, the burden was upon the seller to show that it furnished another husker, or was ready and willing to do so, and tendered it, or offered to do so, but was prevented or relieved from obligation to do so by the refusal of the buyer to accept another machine, or that it exercised its alternative right to return the notes given for the purchase money; otherwise, a cause of action existed for the cancelation of the notes retained by the appellants. It was upon the doing of one or the other of these things that "no further claim" was to be made. *Skeen* v. *Springfield Engine, etc., Co.* (1889), 34 Mo. App. 485. There was not here merely an offer to surrender the machine to the seller upon condition that the buyer's notes be surrendered. The surrender was unconditional, and the machine was accepted back, and the buyer's demand for the surrender of his notes did not make the,

return of the machine conditional. See *Davis' Sons* v. *Butrick* (1885), 68 Iowa 94, 26 N. W. 27; *Pitt's Sons' Mfg. Co.* v. *Spitznogle* (1880), 54 Iowa 36, 6 N. W. 71. The complaint sufficiently stated a cause of action.

3. The appellants jointly answered in a single paragraph, in which they admitted all the allegations of the complaint not expressly denied or controverted in this paragraph of answer, and for defense alleged that when the appellee returned the machine, as stated in the complaint, he demanded the return and surrender to him of his notes and mortgage; that the appellants then and there refused to surrender them, and declared to the appellee their right under the contract, and their intention to exercise the option agreed to therein, to furnish him another husker, such as was described in the contract, which could perform the work as warranted; that the appellee then and there told the appellants he would not accept the new machine proposed to be sent him, and that he would refuse to receive it if tendered to him; that, as soon as he returned the machine, he demanded his notes, without offering to comply any further with his contract, and took steps to bring this action; that he did not give the appellants an opportunity to comply with the contract, and did not give them reasonable time in which to procure and furnish him a second machine from the factory where such machines were made, nor from any other place within the control or management of the appellants, but, on the contrary, he immediately sought counsel, and caused this action to be instituted, thereby preventing the carrying out of the contract, although the appellants had always been ready and willing, and were still ready and willing, to perform all the conditions of the contract to be performed by them. To this answer the appellee replied by general denial. On trial by the court a special finding was rendered, with a conclusion of law in favor of the appellee.

4. The appellants attack the action of the court in overruling their motion for a *venire de novo,* and, for specific objection, complain that the finding does not purport to set out the contract, and contains only two quotations from the written warranty. The appellants also insist that the court erred in overruling their motion for a new trial. The action was not one seeking a recovery upon the contract—was not based upon the contract as a cause of action—but was a suit for the cancelation of the notes and mortgage. The finding did set forth portions of the contract, showing sufficiently the provisions thereof for the violation of which the sale was rescinded by the action of the appellee in returning the machine. Under the pleadings the issue was a narrow one, the question of fact to be tried being that presented by the affirmative allegation of the answer that upon the return of the machine the appellants informed the appellee of their election to furnish him a second machine. On this question there was such a conflict of testimony that its determination by the trial court can not be disturbed here.

In view of the express finding that the defendant company never, by itself or its agent, made any offer to furnish the appellee a new machine until some time after the return of the purchased husker and after the commencement of this suit, we can not say that a conclusion of law in favor of the appellee was erroneous.

Judgment affirmed.