## BASTIAN v. CRAWFORD.

[No. 22,531. Filed January 6, 1914.]

1. SPECIFIC PERFORMANCE.— *Complaint.*— *Sufficiency.*— Where the complaint for specific performance of a parol contract to convey real estate alleged the terms of the agreement and that plaintiff "with said understanding and agreement * * * entered upon said lot, and has lived and resided thereon ever since," etc., it was not open to the objection that it is not shown that plaintiff took possession with the knowledge and consent of defendant. p. 700.

2. FRAUDS, STATUTE OF.—*Parol Contract to Convey Lands.—Part Performance.*—An entry upon lands, payment of the purchase money, or a part thereof, and making improvements thereon

under a parol contract to purchase will take the contract out of the statute of frauds. p. 700.

3. FRAUDS, STATUTE OF.—*Parol Contract to Convey Lands.—Part Performance.—Specific Performance.*—Upon a showing that the parties entered into a parol contract for the sale of real estate by virtue of which the purchaser entered into possession and paid seven dollars per month in advance for the property, which was considered as interest at six per cent on the purchase price, and made valuable and lasting improvements thereon, and that the vendor refuses to convey upon a proper tender, a decree for the specific performance of the contract is warranted. p. 700.

4. APPEAL.—*Review.—Harmless Error.—Conclusions of Law.*—Reversible error cannot be predicated on conclusions of law that are more favorable to appellant than the findings of the court would warrant. p. 701.

From Clark Circuit Court; *Harry C. Montgomery*, Judge.

Action by Thomas F. Crawford against Emma Bastian. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*E. C. Hughes*, for appellant.

*James K. Marsh* and *George H. D. Gibson*, for appellee.

ERWIN, J.—This was an action for the specific performance of a parol contract for the sale of real estate, brought by appellee against appellant. A trial by the court was had with special findings of facts and conclusions of law stated thereon and judgment for appellee, decreeing performance by appellant.

The facts found by the court are as follows: That appellee and appellant both reside in Charlestown, Clark County, opposite each other on the same street, and have so resided since June 29, 1905; that for some time prior to said date the appellant was the owner of lot 166 in said town; that appellee resided on another lot in said town; that on June 15, 1905, appellant proposed to sell appellee her house and lot 166 for $1400, on the following terms, to wit: appellee to take possession of and move on said lot and pay the appellant $7 per month in advance, being six per cent interest on $1400, and that appellee was to have the privilege of

buying said lot, at any time within five years from said date for $1400, by paying appellant $200 in cash and upon said payment being made appellant would convey by warranty deed said lot to appellee and concurrent therewith, appellee was to execute to appellant six promissory notes of $200 each, payable respectively in 1, 2, 3, 4, 5 and 6 years, with a mortgage upon said lot to secure the payment of the same, that appellee accepted the terms of said proposition and moved upon and took possession of said lot and made valuable and lasting improvements on said lot in the building of a stable, chicken house, fences, porches to the house, papering and painting parts of the house, all to the value of $500; that appellee paid the $7 per month in advance up to and including May 10, 1910, when he tendered to appellant, at her home in said town $200 in gold coin and offered to the appellant, in writing to execute the notes and mortgage, according to her proposition of June 15, 1905; that appellant refused to accept the $200 or to execute the deed to appellee for the said lot; that appellee filed this suit on May 13, 1910, and kept his tender good by bringing the money into court, and by order of the court, paid the money to the clerk thereof for the use of appellant; that appellee is ready and willing to perform his part of the contract by executing the notes and mortgage. On these findings of fact the court stated its conclusions of law that appellee was entitled to the relief sought, and adjudged that appellant should execute the deed and accept the notes and mortgage, and that appellee should pay six per cent interest on the $1200 from May 10, 1910, the date of the tender of the $200, and the demand for the deed. To these conclusions of law the appellant duly excepted and moved for a new trial, on written reasons assigned.

The appellant by assignment of errors, questions, (1) the sufficiency of the complaint; and (2) says that the court erred in its conclusion of law; (3) that the court erred in overruling the motion for a new trial.

The objections to the complaint are (1) that it does not allege that appellee took possession of the lot with the knowledge and consent of appellant; in this he is in error, for he does say that "with said understanding and agreement * * * he entered upon said lot and has lived and resided thereon ever since," etc., (2) that the contract was a parol lease for a term of years with a naked option to buy, and that a parol lease for a term longer than three years, is within the statute of frauds; that the contract to execute a mortgage is also within the statute of frauds; that an option to purchase must be based on a sufficient consideration. An entry upon lands, payment of the purchase money, or a part thereof, and making improvements on the land under a parol contract to purchase will take the contract out of the statute of frauds. O'Brien v. Knotts (1905), 165 Ind. 308, 75 N. E. 594; Swales v. Jackson (1890), 126 Ind. 282, 26 N. E. 62; McFarland v. Stansifer (1905), 36 Ind. App. 486, 488, 76 N. E. 124.

There is no question but that the payment of the $7 per month in advance for the property, which the complaint alleges and the court finds was to be considered as six per cent interest on the purchase price of the lot, and the taking possession of the same, and the making of valuable and lasting improvements thereon will authorize and warrant a court in decreeing specific performance of the contract. This case is "on all fours" with Herrman v. Babcock (1885), 103 Ind. 461, 3 N. E. 142, and the case of Coles v. Peck (1884), 96 Ind. 333, 49 Am. Rep. 161, except that in those cases the contract was in writing. Without repeating the citations here, we refer generally to the decided cases and text-books cited and quoted from in the opinion of this court in said cases. We have examined the evidence in the case, and are convinced that it sustains the court in its findings of facts in every particular.

The appellant complains that the court erred in rendering judgment that appellee pay to appellant six per cent interest

on $1200 from May 10, 1910, and that he execute 4. notes, bearing interest payable annually, and that the mortgage should contain a precipitation clause, making all the notes due and payable upon failure to pay at maturity, any one of the said notes, and authorizing the foreclosure of the said mortgage. The conclusions of law being more favorable to appellant than the findings would warrant, does not constitute reversible error. *Roeder* v. *Keller* (1893), 135 Ind. 692, 696, 35 N. E. 1014.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 792. See, also, under (1) 36 Cyc. 776; (2) 36 Cyc. 656; (3) 36 Cyc. 691; (4) 3 Cyc. 384. As to part performance of oral contract, see 32 Am. Dec. 129, 53 Am. Dec. 539. On the question whether taking possession of real property constitutes part performance to satisfy statute of frauds, see 3 L. R. A. (N. S.) 790.