INDIANA CONSTRUCTION MATERIAL CO. v. TAUCK ET UX.

[No. 17, 611. Filed October 30, 1947. Rehearing denied December 5, 1947. Transfer denied March 17, 1948.]

*Thomas F. O'Mare and Ray A. Pillard,* both of Valparaiso, attorneys for appellant.

*George W. Douglass,* of Valparaiso, attorney for appellees.

FLANAGAN, J.—This action was brought by appellees to compel specific performance of a contract for the sale of real estate. The complaint was in two paragraphs. Demurrers to each paragraph were overruled. Trial resulted in a general finding and judgment for appellees.

Appellant assigns as error on appeal the overruling of its demurrers to the complaint and the overruling of its motion for a new trial. The specifications of the

motion for a new trial are that the decision is not sustained by sufficient evidence and is contrary to law.

Appellant's demurrer to the first paragraph of complaint charges that the alleged contract has not been performed, is uncertain and violates the statute of frauds by not being in writing. This paragraph of complaint alleges that the appellant and appellees entered into a parol contract for the purchase of the involved real estate on August 18, 1945, by the terms of which appellees were to buy the real estate for a purchase price of $6500, to be paid $4000 cash, $1000 on January 2, 1946, and $1500 on January 2, 1947, the deferred payment to be evidenced by promissory notes; that appellees did pay the sum of $4000 on August 18, 1945, executed the two promissory notes, took possession of the premises, spent a substantial amount of money making valuable and lasting improvements and tendered the balance of the purchase money before bringing this action.

We see no merit in appellant's contention that the contract has not been performed. Appellees, according to the averments of the complaint, fully performed their part of contract.

Appellant does not point out any uncertainty about the contract nor do we discover any.

As to the statute of frauds the rule is well settled that where a party to a parol real estate contract pays the purchase price, takes possession of the premises and makes valuable and lasting improvements the contract is taken out of the operation of the statute of frauds. *O'Brien* v. *Knotts* (1905), 165 Ind. 308, 75 N. E. 594; *Bastin* v. *Crawford* (1914), 180 Ind. 697, 103 N. E. 792.

The second paragraph of complaint is for the most part in the same language as the first with an added

rhetorical paragraph stating that the appellant executed and delivered to the appellees a written memorandum of the agreement and making the memorandum an exhibit. Appellant's demurrer to this paragraph of complaint attacks the memorandum as being insufficient to take the contract out of the operation of the statute of frauds. Assuming appellant to be correct in his contention the paragraph is still good for it contains the same allegations as the first paragraph as to payment of the purchase price, taking possession and making valuable and lasting improvements.

Under the specifications of its motion for a new trial appellant contends that the evidence does not disclose that the possession was taken pursuant to the contract and was exclusive. We cannot agree with appellant. We have examined the evidence carefully. No good purpose would be served in detailing it here. It is sufficient to say that it is ample to support a finding that the possession was taken pursuant to the contract and was exclusive. It is true that appellant kept some equipment in the building but that was by permission of appellees according to the evidence most favorable to appellees.

Appellant also contends under the specifications of its motion for a new trial that the memorandum referred to in the second paragraph of complaint which was introduced in evidence is not sufficient to take the contract out of the operation of the statute of frauds. However we need not give this contention consideration since the evidence showing payment of the purchase money, possession and the making of valuable and lasting improvements is sufficient to support the court's decision.

Under the specification that the decision is contrary to law appellant states, "The court, in decreeing speci-

fic performance, is limited to the contract the parties made." But at no place in its assignment of errors, in its motion for new trial or under its "Propositions, Points and Authorities" does appellant point out wherein the court's decree went beyond the contract of the parties.

We find no reversible error in the record. Judgment affirmed.

## ON PETITION FOR REHEARING

FLANAGAN, J.—Appellant has filed a petition for rehearing in which it calls to our attention the case of *Waymire* v. *Waymire* (1894), 141 Ind. 164, 40 N. E. 523, and insists that under this decision appellees' complaint is demurrable for failing to allege that possession was taken with the consent of the seller or pursuant to the parol contract.

We think the complaint taken as a whole sufficiently shows that the possession was taken with the consent of the seller and pursuant to the parol contract. But even if it is defective in this particular the overruling of appellant's demurrer on that ground would not be cause for reversal in this case. The evidence introduced at the trial sufficiently showed that possession was so taken and an examination of the entire record shows that the merits of the cause have been fairly determined and that the ruling on the demurrer did not affect the substantial rights of appellant.

It is provided by statute that "no objection taken by demurrer and overruled shall be sufficient to reverse the judgment, if it appears from the whole record that

the merits of the cause have been fairly determined."
§ 2-1013, Burns' 1933.

Petition for rehearing denied.

NOTE.—Reported in 75 N. E. 2d 197.