ANSELM *v.* ANSELM

[No. 17,692. Filed December 11, 1947. Rehearing denied January 9, 1948. Transfer denied March 22, 1948.]

*Robert E. Coates and Thurl C. Rhodes,* both of Indianapolis, attorneys for appellant.

*L. Russell Newgent,* of Indianapolis, attorney for appellee.

HAMILTON, J.—This is an appeal from a judgment cancelling a promissory note rendered in an action instituted by the appellee against the appellant. The trial was to the court without a jury, and a general finding was rendered in favor of appellee upon his complaint

and that the relief prayed in the complaint be allowed.

Appellant's motion for a new trial was filed and overruled and this appeal perfected.

The only error assigned is the overruling of the motion for a new trial which alleged as grounds therefor that (1) the decision is not sustained by sufficient evidence; (2) that the decision is contrary to law; and (3) error in excluding certain testimony.

One of the reasons alleged for the relief prayed was that the $5,000 note, dated March 9, 1943, signed by appellee and held by appellant, was executed without any consideration. The evidence upon this issue was sharply conflicting. Considering the evidence most favorable to appellee and all reasonable inferences to be drawn therefrom, we find that there is evidence tending to show that appellee never was indebted to appellant in any amount and that he never received any money from the appellant as a consideration for the execution of said note; that at the time the note was executed appellee had a divorce case pending in the courts and that his former wife, the plaintiff therein, was claiming appellee was indebted to her in the sum of $2,200; that appellee told appellant of such fact, and that appellant told appellee to sign the note in controversy and then appellant would have a claim of $5,000 against his business which could be used to defeat the claim of appellee's former wife in the event she attempted to force appellee to pay any more alimony; that appellee signed the note of March 9, 1943, for $5,000 for such purpose and without receiving any cash consideration therefor; that the note was to be used by appellant only in the event an attempt was made to collect more alimony, which was never done. On the contrary, there is evidence by appellant and her witnesses that at the time the note was executed appellant

counted out $5,000 in U. S. currency and gave the same to appellee to be used and invested in his business and that the same constituted the consideration for the execution of the note. The weight to be given the testimony of the various witnesses and their credibility was a question for the exclusive determination of the trial court and, since there is some evidence to sustain his finding upon the issue of no consideration, this court will not disturb the finding upon appeal or substitute its judgment upon disputed questions of fact for that of the trier of the facts. *Cornet* v. *Guedelhoefer* (1941), 219 Ind. 200, 209, 36 N. E. 2d 933; *Fidelity & Deposit Co.* v. *Standard Oil Co.* (1936), 101 Ind. App. 301, 305, 199 N. E. 169; *Hauser* v. *George* (1935), 100 Ind. App. 346, 351, 195 N. E. 592.

If the note in controversy was in fact executed without any consideration, such fact would be sufficient to justify and sustain the court in ordering the note canceled and annulled. *E. T. Kenney Co.* v. *Ruff* (1904), 34 Ind. App. 259, 265, 72 N. E. 622; *Kramer* v. *Williamson* (1893), 135 Ind. 655, 657, 658, 35 N. E. 388.

The complaint in this case was in a single paragraph and alleged two separate grounds for relief, *viz*: 1. That the note held by appellant and executed by appellee in the sum of $5,000 was executed without any consideration; and 2. that all claims held by appellant against appellee were settled, compromised, and released by the execution of a certain written contract on October 2, 1945, and set forth as Exhibit A. As heretofore stated, the finding of the trial court was a general finding for the plaintiff on his complaint and that the relief prayed in the complaint be allowed.

It is well settled by the authorities that where it affirmatively appears that a judgment is based upon

two grounds, either of which independent of the other is sufficient to support the judgment, it will not be reversed because the court erred relative to one of such grounds. *Union Traction Co.* v. *Barnett* (1921), 75 Ind. App. 19, 26, 127 N. E. 287; *Putt* v. *Putt* (1897), 149 Ind. 30, 39, 48 N. E. 356, 51 N. E. 337; *Terry* v. *Davenport* (1908), 170 Ind. 74, 81, 83 N. E. 636; *Indiana Construction Co.* v. *Tauck* (decided Oct. 30, 1947), *ante*, p. 151, 75 N. E. 2d 197.

Applying the foregoing rule to the record in the instant case, it is not necessary for us to pass upon appellant's contention that the decision is contrary to law because the court erred in construing the written contract of October 2, 1945, for the reason that it affirmatively appears that the court based its finding and judgment upon one sufficient ground alleged in the complaint, to wit: that the note was executed without any consideration; and even though the court erred in its construction of the written contract dated October 2, 1945, it would not justify a reversal of the judgment.

Appellant's last assigned error is that the court erred in refusing to permit her witness, Edward Slocum, to answer the following question, to wit: "Now what was the conversation in regard to this Contract you had with her in the presence of Mr. Anselm?" Upon objection being made to the question, appellant made an offer to prove to the effect that "if allowed to testify, the witness would testify that it was Mrs. Anselm's understanding that this release did not release the note, and that it was his opinion, and his opinion was given to her at that time, that the release did not release the note."

The offer to prove does not state any fact which would be responsive to the question propounded and does not purport to relate any part of a conversation had be-

tween the witness and the appellant in the presence of Mr. Anselm and for such reasons the court did not err in sustaining the objection to the question.

Finding no reversible error, the judgment of the lower court is hereby affirmed.

NOTE.—Reported in 75 N. E. 2d 921.